**IN THE COURT OF APPEALS OF IOWA**

No. 14-1182
Filed May 6, 2015


IN RE THE MARRIAGE OF BRIAN WALTER PRUIN
AND LAURA M. PRUIN

Upon the Petition of
BRIAN WALTER PRUIN,
         Petitioner-Appellee,

And Concerning
LAURA M. PRUIN,
         Respondent-Appellant.
_____

         Appeal from the Iowa District Court for Bremer County, Gregg Rosenbladt,

Judge.


         Laura Pruin appeals from the district court's ruling on her application to

modify the physical care provisions of the parties' dissolution decree.

**AFFIRMED.**


         Andrew B. Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West

Des Moines, and Karen L. Thalacker of Gallagher, Langlas & Gallagher, P.C.,

Waverly, for appellant.

         Shanna Chevalier and Lana L. Luhring of Laird & Luhring, Waverly, for

appellee.


         Considered by Danilson, C.J., Potterfield, J., and Miller, S.J.*

         *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, C.J.**

Laura Pruin and Brian Pruin were married in September 1998 and had four children together. A dissolution decree was entered in August 2011 in which the court ordered shared physical care of the four minor children. Laura filed a petition to modify the decree on April 10, 2013, seeking to end the shared care arrangement and have the children placed in her physical care. Following a May 2014 trial, the district court ruled Laura had failed to meet her burden to prove a substantial change of circumstances warranted modification of the decree and she failed to prove she was a better parent. *See Melchior v. Kooi*, 644 N.W.2d 365, 369 (Iowa 2002) (recognizing that an initial shared care arrangement resulted from a finding that both parents are capable parents and that in those circumstances to prove a modification is warranted, the petitioner must show both a change of circumstances and that the petitioner is a better parent). The court wrote in part:

> Laura and Brian do have different styles and outlooks on parenting. However, both are very invested in spending time with the children, and contributing to their growth and development. Laura is clearly the more "intense" of the two parents. She believes it is important to have the children involved in services, and believes it is very important that all appointments be kept and that the children receive all appropriate treatment for their diagnoses. Brian is the more "laid-back" of the two parents. He does not seem opposed to the children being involved in counseling or medication management, but he seems to have more interest, for example, in having the children engage in exercise or other outdoor activities to help handle some of their hyperactive behaviors. After hearing the testimony of both parties, the Court finds that while their parenting styles and theories are somewhat different, the parents' outlooks are complementary to each other, and both contribute toward the well-being of the children.
> . . . .
> At the conclusion of trial, Laura requested that she be granted primary physical care of the children. Brian requested that

the Court not modify disposition at all, and that the Court keep the original visitation schedule as contained in the 2011 decree. Brian noted that due to a continued "upward trend" in communication between himself and Laura, and because this "upward trend" also applied to the children's situation (as supported by the testimony of [special education teacher] Peggy Martin-Holdiman and [teacher] Katie Johnston) that the shared care arrangement was working remarkably well.

The Court concurs with that thought. The parties are attempting to co-parent four younger children with special needs, in two different households. The scheduling and the transitions are understandably challenging. However, it seems to the Court that things are going as well as or better than could be expected under the circumstances.

The Court will comment as well on the test of "better" parenting. If a substantial change in circumstances had been found, the Court would need to analyze in more detail who could provide the "better" parenting for the four children. The Court has indirectly discussed this issue above. Each parent has a slightly different outlook on the children, and each parent obviously has strengths and weaknesses. Those qualities are discussed above. Both Laura and Brian are credible, they are both clearly interested in the children's well-being, and their parenting styles and strengths and weaknesses complement each other in certain respects. The Court cannot find and does not find that either parent provides "better" parenting than the other at this time.

Laura appeals, contending the district court erred in failing to grant her modification petition.

Upon our de novo review, *see* Iowa R. App. P. 6.907 (stating we review an equity action de novo), we find no reason to modify the district court's ruling. The district court wrote a thoughtful and considered ruling, accurately stating the legal principles at play. Its factual findings are fully supported by the record. We acknowledge the situation with the children sleeping at their grandmother's house is not an ideal joint physical care arrangement, and we hope that it is only temporary. Brian's abuse of one of the children is troubling, but he accepted responsibility for the incident, and it has been fully dealt with by the Iowa

Department of Human Services, which is no longer involved. And for now, as the district court stated, "[T]hings are going as well as or better than could be expected." The parents undoubtedly will have many new challenges to face in the future and, in time, the joint physical care arrangement may prove to be unworkable or they may succeed notwithstanding the challenges. At this juncture, we agree the change in circumstances since the entry of the decree does not support modification of the physical care arrangement. Further discussion would be of little value, and we therefore affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(b), (d), (e).

Brian requests an award of appellate attorney fees. An award of appellate attorney fees is not a matter of right, but rests within our sound discretion. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). "We consider the needs of the party making the request, the ability of the other party to pay," and the relative merits of the appeal. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). While Brian has prevailed, we note he makes about twice as much as Laura, who has a limited income. We do not award appellate fees. Costs are assessed to Laura.

**AFFIRMED.**