In re the MARRIAGE OF **Debora Renee MAYFIELD and Dennis Rodney Mayfield.**

Upon the Petition of

**Debora Renee Mayfield, Petitioner–Appellee,**

And Concerning

**Dennis Rodney Mayfield, Respondent–Appellant.**

No. 97–0953.

Court of Appeals of Iowa.

Feb. 25, 1998.

Barry S. Kaplan of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellant.

Thomas W. Langlas of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellee.

Considered by CADY, C.J., and SACKETT and MAHAN, JJ.

SACKETT, Judge.

The sole question in this appeal is whether the trial court was correct in refusing to modify the physical care provision of the 1995 dissolution decree dissolving the marriage of petitioner-appellee Debora Renee Mayfield and respondent-appellant Dennis Rodney Mayfield. Dennis requested the modification after he was notified Debora intended to leave the Hampton, Iowa, area where the parties and their minor child, Dustin, born in 1986, lived. On our de novo review, we agree with the trial court's decision to leave primary physical care with Debora and affirm.

The issue of primary physical care was contested in the dissolution. The dissolution court found the issue extremely close. The decree provided Debora have primary physical care of Dustin, but provided Debora give Dennis a ninety-day notice if she anticipated moving from the Hampton area.

On April 15, 1996, Debora notified Dennis she had obtained different employment and she and Dustin intended to move to Jackson, Missouri, some five hundred miles from Hampton. On August 1, 1996, Dennis filed an application for modification asking that he be made Dustin's physical custodian. He also asked that the court order a custody evaluation and the court temporarily enjoin Debora from moving.

The court denied the request for a temporary injunction and the request for a custody evaluation. A hearing was held on the application for modification and the trial court denied Dennis's request for primary physical care, but modified the visitation schedule. Dennis contends he has met the necessary burden to change primary physical care and the trial court should have awarded it to him.

■ Dennis is a sales representative for a pharmaceutical company. Debora is a teacher. The parties lived in the Hampton area during Dustin's growing up years; and after the dissolution, until Debora's move, they continued to live one mile apart. Dennis, though not Dustin's physical custodian, had substantial and continual contact with him. Dennis attended Dustin's school conferences. He was involved in Dustin's sports and play activities. Dustin's well being has been a primary focus in Dennis's life.

Both parties have previously lived in the Jackson, Missouri, area and have extended family there. Debora learned of a teaching job in Jackson and applied for it. She did not consult with Dennis at this time. Her employment with the Hampton school system where she taught for seventeen years was secure. Debora got the job in Missouri and only then notified Dennis in writing of her intention to move. Debora took a $7000 pay cut in leaving. She testified the new location would put her within eight miles of Southeast Missouri State University where she can seek a master's degree in guidance counseling.

At the time of the hearing, Dustin was a fourth grader in school in Jackson. He had perfect attendance and was a straight A student. A review of the record convinces us that at this point Dustin had benefitted from his substantial contact with both parents. That is no longer available to him because of his mother's decision to move.

■ Dustin's close relationship with his father is evidenced by his vocal preference to live with his father. This is given some weight, but less weight in a modification than in an original custodial determination. *See In re Marriage of Behn*, 416 N.W.2d 100, 101–02 (Iowa App.1987).

■ The burden to modify a dissolution decree is a heavy burden. *See In re Marriage of Frederici*, 338 N.W.2d 156, 161 (Iowa 1983). The parent seeking to change the physical care has a heavy burden and must show the ability to offer superior care. *See In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980). The burden to change visitation is less. *See In re Marriage of Jerome*, 378 N.W.2d 302, 305 (Iowa App.1985).

■ The Iowa courts have historically not changed custody on the basis of a parent's move from the area where both parties reside absent other circumstances. *See In re Marriage of Vrban*, 359 N.W.2d 420, 425

(Iowa 1984); *Frederici,* 338 N.W.2d at 161. These cases pre-date legislative changes providing if a parent is to relocate the residence of a minor child to a location one hundred fifty miles or more from the residence of the minor child at the time custody was granted, the court may consider the relocation a substantial change in circumstances. *See* Iowa Code § 598.21(8A) (Supp.1997). This legislative change is compatible with other legislative changes in the past decade focusing on the opportunity for substantial parental involvement in a child's life by both parents even when there has been a marriage dissolution. Applying this legislative change, we find Dennis has shown a substantial change of circumstances. The question becomes whether he showed he can render superior care.

Dustin has flourished because of the substantial involvement of both of his parents in his life. He has been denied this presence by his mother's decision to move a substantial distance from his father. This move will curtail Dustin's father position in his life.

It is disappointing Debora obtained new employment and planned a move without consulting Dennis. We recognize she contends it is not easy to talk to Dennis. Yet, as primary physical custodian she has the responsibility to assure that Dustin has substantial contact with his father. Debora's decision to take their son five hundred miles from the location where he grew up and where his father lives was a decision that should not have been made without Dennis's input. We consider her making these decisions without Dennis's input adverse to her position.

The trial court had the parties before it. The decision not to modify physical care focused on the fact Dustin was flourishing. Giving deference to the trial court's findings, we affirm the holding Dennis has failed to meet the burden necessary to change primary physical care.

█ Debora contends she should have attorney fees for defending this appeal. We disagree. Debora is gainfully employed. She has resources to pay her own fees. While she was successful in this appeal, the issue is close. Additionally, Debora is the

one who sought to change the physical location of the child without Dennis's input, making it necessary for Dennis to incur substantial expense in exercising future visitation. We deny her request for attorney fees.

**AFFIRMED.**