## IN THE COURT OF APPEALS OF IOWA

No. 15-1528
Filed May 25, 2016

IN RE THE MARRIAGE OF MITCHELL S. MUNDORF
AND PATRICIA D. MUNDORF

Upon the Petition of
MITCHELL S. MUNDORF,
　　　　Petitioner-Appellant,

And Concerning
PATRICIA D. MUNDORF,
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Cass County, Gregory W. Steensland, Judge.


　　　　A father appeals from the denial of his application to modify the child custody, visitation, and support provisions of the parties' dissolution decree. **AFFIRMED.**


　　　　Te'ya T. O'Bannon of O'Bannon Law, P.C., Council Bluffs, for appellant.

　　　　Stephen A. Rubes of the Law Office of Stephen A. Rubes, Council Bluffs, for appellee.


　　　　Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

A father appeals from the denial of his application to modify the child custody, visitation, and support provisions of the parties' dissolution decree. He contends that the district court should have changed physical care from being with the mother to shared care. In the alternative, he asks for additional visitation. He also asserts a recalculation of child support is warranted, and that the trial court erred in awarding the mother trial attorney fees.

Our supreme court has recently summarized the scope of our review and principles related to our decision:

> "Petitions to modify the physical care provisions of a divorce decree lie in equity." *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). Thus, we review the district court's decision de novo. *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014). Though we make our own findings of fact, we give weight to the district court's findings. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013) ("We give weight to the findings of the district court, particularly concerning the credibility of witnesses; however, those findings are not binding upon us.").
> A party seeking modification of a dissolution decree must prove by a preponderance of the evidence a substantial change in circumstances occurred after the decree was entered. *In re Marriage of Jacobo*, 526 N.W.2d 859, 864 (Iowa 1995). The party seeking modification of a decree's custody provisions must also prove a superior ability to minister to the needs of the children. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).
> The changed circumstances affecting the welfare of children and justifying modification of a decree "must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary." *Id.* The party seeking to modify a dissolution decree thus faces a heavy burden, because once custody of a child has been fixed, "it should be disturbed only for the most cogent reasons." *Id.*; *see also Hoffman*, 867 N.W.2d at 32; *In re Marriage of Weidner*, 338 N.W.2d 351, 360 (Iowa 1983).

*In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). "The objective of physical care is to place the [child] in the environment most likely to bring them to

health, both physically and mentally, and to social maturity." *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007).

The father failed to meet his heavy burden here. Clearly, both parties have communication issues, and the district court attempted to address them by its ruling. Patricia Mundorf should also be more respectful of Mitch Mundorf's visitation rights. Notwithstanding, while the trial court made some revision of the decree to aid the parties,[1] Mitch did not prove a material change of circumstances had occurred since the filing of the dissolution decree in September 2013 that would justify a change of the physical care or visitation.[2]

With respect to Mitch's contention that his child support obligation should be recalculated, he presented recent tax returns that he asserts show his

---

[1] The court granted each party "a right of first refusal when it comes to the children"; specified that "[e]ach party shall make their best efforts to provide the other party timely notice of doctor's appointments so that both parents can have the option of attending"; and noted, "By way of clarification, summer visitation for Mitch shall not include three consecutive weekends. That would be contrary to the intent of this Court's original order."

The court also ordered:

7. Mitch will follow the doctor's orders, including giving the children their medication pursuant to those doctor's orders.

8. If the parties attend doctor's appointments together, they will conduct themselves in an appropriate manner and focus on the children, not on themselves. If a doctor determines that the continued presence of either of them is detrimental to the appointment, the doctor may remove that parent from the appointment.

9. Both Mitch and Trish shall retake The Children in the Middle Class within the next 60 days and file proof with this Court that they have done so.

[2] The father's request for a modification to expand his visitation was not specifically addressed by the district court except to grant the parties the right of first refusal to provide care for the children and to clarify the summer visitation. We believe error was not preserved on this issue. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005) (noting the need to seek a ruling by the district court to preserve error). And even if preserved, Mitch failed to meet the lesser burden to modify visitation. *See In re Marriage of Mayfield*, 577 N.W.2d 872, 873 (Iowa Ct. App. 1998). We also note the father had filed two applications for rule to show cause, asserting the mother was in violation of the dissolution decree. The trial court found no willful violation had been shown. The father does not appeal those rulings.

earnings from contract labor with a body shop. Mitch testified his gross earnings listed on his child support worksheet was a "realistic number." The district court was unconvinced. As stated by the trial court,

> While this court does not believe there is any fraud necessarily involved, this court is unimpressed with the massive costs of goods sold without any justification for it. The numbers seem to match very closely with what this court had in its original decree, and this court will still abide by those numbers.

On our de novo review, we find no change of circumstances warranting an adjustment of child support based upon the evidence presented here.

Giving deference to the district court's findings, especially those concerning the credibility of the witnesses and their proffered exhibits, we find no reason to interfere with the district court's rulings.

Nor do we find an abuse of the trial court's discretion in its award of trial attorney fees. *See In re Marriage of Romanelli*, 570 N.W.2d 761, 765 (Iowa 1997).

Patricia seeks an award of appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *Okland*, 699 N.W.2d at 270. We consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *McDermott*, 827 N.W.2d at 687. In light of Mitchell's ability to pay and Patricia's success in defending the district court's decision, we award Patricia $1000 in appellate attorney fees.

Costs on appeal are taxed to Mitch.

**AFFIRMED.**