**IN THE COURT OF APPEALS OF IOWA**

No. 15-2046
Filed June 29, 2016

**COLE HICKS,**
        Plaintiff-Appellee,

**vs.**

**AMANDA FOULKS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clay County, Nancy L. Whittenburg, Judge.

        Amanda Foulks appeals from the order denying her petition to modify child custody.  **AFFIRMED.**

        Jill M. Davis of Cornwall, Avery, Bjornstad, Scott & Davis, Spencer, for appellant.

        Matthew T.E. Early of Fitzgibbons Law Firm, L.L.C., Estherville, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Amanda Foulks appeals from the order denying her petition to modify child custody. She claims that circumstances have materially changed since entry of the 2010 custody decree granting Cole Hicks physical care of the children and that she can provide the children with superior care. Because Amanda has not met her burden of proving a substantial change in circumstances, we affirm.

**I. Background Facts and Proceedings.**

Amanda and Cole have two children together. A custody decree entered in August 2010 awarded joint legal custody of the children to both parties with physical care to Cole. This court affirmed the decree on appeal. *See Hicks v. Foulks*, No. 10-1497, 2011 WL 3925452, at *1 (Iowa Ct. App. Sept. 8, 2011).

Between the entry of the custody decree and the filing of her modification action, Amanda made multiple complaints to the Iowa Department of Human Services (DHS) regarding Cole and his ability to care for the children. These complaints concern injuries M.H. received while in Cole's care, as well as allegations that Cole failed to provide M.H. with proper medical care, Cole's girlfriend physically abused K.H., and Cole smoked marijuana in his home with the children present. Amanda made a fifth complaint two months after she initiated the modification action, alleging M.H. was being physically abused while in Cole's care. In spite of the numerous complaints lodged against Cole and the claims alleged regarding his ability to care for the children, the DHS does not share Amanda's concerns, assessing each of the five complaints as "[n]ot confirmed" after an investigation.

Amanda filed her petition to modify custody in February 2015. The petition sets forth a list of general allegations Amanda claimed constituted changes in circumstances, including but "not necessarily limited to the following": (1) Cole's inability or unwillingness to support her relationship with the children, (2) his failure "to meet the children's basic needs, including medical care"; (3) Cole's failure to keep her informed about the children's health and "general status" while in his care; (4) his act of denying her "equal participation in decisions affecting the children's medical care, education, extra[-]curricular activities and/or welfare"; (5) Cole's act of engaging in "a course of conduct which is detrimental to the mental, physical, and emotional wellbeing of the children"; and (6) his inability "to communicate effectively" with her regarding the children's needs. At the trial, Amanda's primary focus was Cole's alleged failure to provide proper medical care for the children and to communicate with her about the children's healthcare needs. The district court disagreed with Amanda's claim that Cole failed to address the children's healthcare needs and determined Amanda failed to prove the circumstances had substantially changed warranting modification. Accordingly, the court denied Amanda's request to modify custody. Amanda appeals.

**II. Scope and Standard of Review.**

Our review is de novo. *See* Iowa R. App. P. 6.907. We give weight to the district court's fact findings, though we are not bound by them. *See* Iowa R. App. P. 6.904(3)(g). When determining matters of child custody, "our first and governing consideration" is the best interests of the children. *See* Iowa R. App. P. 6.904(3)(o).

### III. Modification of Child Custody.

Child custody may only be modified when a substantial change in circumstances occurs that was not in the contemplation of the court when the custody decree was entered. *See Dale v. Pearson*, 555 N.W.2d 243, 245 (Iowa Ct. App. 1996). This change in circumstances must be "more or less permanent" and relate to the welfare of the children. *Id.* The party seeking modification must prove the existence of a substantial change in circumstances. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). If a substantial change of circumstances exists, the party seeking modification bears "a heavy burden" of showing "the ability to offer superior care." *In re Marriage of Mayfield*, 577 N.W.2d 872, 873 (Iowa Ct. App. 1998). In other words, here, Amanda must show "an ability to minister to the children's needs superior to" Cole. *See In re Marriage of Whalen*, 569 N.W.2d 626, 628 (Iowa Ct. App. 1997). "If both parents are found to be equally competent to minister to the children, custody should not be changed." *Id.*

Amanda alleges Cole's failure to attend to the children's medical needs constitutes a substantial change in circumstances since entry of the custody decree that was not contemplated when the original decree was entered. Specifically, she claims Cole has neglected the children's dental care and eye care. She also complains he neglected to address concerns regarding K.H.'s hearing and anxiety, as well as physical injuries received by M.H. and M.H.'s reactive airway disease.

The district court did not share Amanda's concerns regarding Cole's ability to provide proper care for the children's health. It found:

Amanda cited a number of incidents that she believed supported a finding that Cole has not addressed the children's health care needs. The court cannot agree. Cole demonstrated that he was fully aware of K.H.'s hearing test failures, had discussed them with Amanda, had taken the child to her primary care physician over the concern and was following AEA advice on waiting for re-testing results. Cole also spoke to the dental exam issue. Originally the children were seen by a pediatric dentist in Spencer that Cole arranged. When the office called to schedule follow-up visits, Cole's telephone number had changed and the children were terminated as patients per the dentist's office policy. Cole was able to speak with the dentist, and the children were seen again in Spencer and later by a dentist in Spirit Lake. The visits in Sioux Falls for eye exams and dental exams were made by Amanda without consulting Cole primarily for the reason that she feels he makes appointments for them in Iowa without telling her so she is entitled to do the same when the children are in her care. Amanda's rationale to justify her unilateral acts evidences a continued lack of maturity.

Although the court observed that "both parties have, to different degrees, failed to communicate fairly and effectively about the children's needs," it ultimately determined that custody should be transferred only for "the most cogent reasons, and none are presented here." After reviewing the record de novo, we reach the same conclusion as the district court: Amanda has failed to show Cole has neglected the children's healthcare needs.

Amanda failed to meet her burden of proving that a substantial change in circumstances occurred since entry of the original custody decree. Accordingly, we need not determine whether Amanda is better able to minister to the children's well-being. The district court properly denied Amanda's petition to modify child custody, and we therefore affirm.

**AFFIRMED.**