# IN THE COURT OF APPEALS OF IOWA

No. 22-0837
Filed January 11, 2023

**ERIC ROBERT HOCHSTEIN,**
    Petitioner-Appellant,

**vs.**

**SHELBY ALEXANDRIA TRUE,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Chris Foy, Judge.

Eric Hochstein appeals from the order denying his petition to modify physical care of his child with Shelby True. **AFFIRMED.**

Megan R. Rosenberg of Cady & Rosenburg Law Firm, P.L.C., Hampton, and Richard Piscopo, Mason City, for appellant.

Michael J. Moeller of Sorensen & Moeller Law Office, Clear Lake, for appellee.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

Eric Hochstein and Shelby True were never married but share a child born in 2017. A consent order was entered between the parties, incorporating a written settlement stipulation that awarded joint legal custody to both parents, primary care to Shelby, and visitation on a fixed schedule to Eric. Eric now seeks to modify the physical-care arrangement. We affirm, finding Eric has not met his heavy burden to warrant a modification, and we order Eric to pay Shelby's appellate attorney fees.

The district court found that, within months of the original custody order, Eric began badgering Shelby for shared physical care. When Shelby refused, Eric requested extra parenting time, which he occasionally received. It is undisputed that Eric has always received all scheduled visitation contemplated under the custody order.

Unable to convince Shelby to voluntarily give him more time, Eric apparently turned to the Iowa Department of Health and Human Services (HHS) hotline. He made multiple reports of child abuse and neglect against Shelby. Three different HHS investigators conducted a total of at least five formal child abuse assessments. Each assessment came back unconfirmed, and each investigator found Shelby's home to be safe and appropriate.

In seeking to modify the physical-care provisions of a custody order, Eric bears "a heavy burden and must show the ability to offer superior care." *In re Marriage of Mayfield*, 577 N.W.2d 872, 873 (Iowa Ct. App. 1998). As our supreme court has explained:

To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being. The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983).

On our de novo review, *see Mayfield*, 577 N.W.2d at 873, we agree with the district court that Eric did not meet his heavy burden. Although Eric points to a handful of changed circumstances, we do not find them persuasive or substantial. For example, the drive between Mason City and Clear Lake—approximately ten miles—is not the kind of substantial change contemplated by our case law. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 34 (Iowa 2015) (finding a move separating the parents by seventy miles was not a substantial change in circumstances). We also find Eric's complaints about Shelby not supporting his relationship with the child ring hollow when both parties agree Shelby has given Eric all of the parenting time he is entitled to under the custody order, and then some. We also agree with the district court that Eric offered no credible reason to doubt the repeat findings by HHS—made in at least five investigations by three different investigators—that Shelby's home is safe and appropriate.

We adopt the district court's assessment of Eric's credibility, motivation, and bias. The record generally supports the district court's observation that Eric is "obsessed" with obtaining shared physical custody, and Eric's conduct does in fact

suggest the "obsession has clouded his judgment and warped his perspective." We also join in the district court's observation that Eric's behavior is not in the child's best interests and likely undermines his efforts to obtain additional time from Shelby. And we share the district court's observation that the overwhelming majority of "injuries" documented by Eric appear to be the routine bumps, bruises, and scrapes attendant to any active child.

Last, we address attorney fees. Eric does not challenge the district court's award of fees to Shelby at trial, but he asks for $6000 in attorney fees on appeal. We deny Eric's request, as he is not the prevailing party. *See* Iowa Code § 598.36 (2022). Shelby also requests attorney fees in the amount of $6000. Given that Shelby asks for the same amount in fees that Eric requested, and Shelby actually prevailed, we are hard pressed to find the request unreasonable. An award is also supported by Shelby's duty to defend the district court's decision on appeal, which she has successfully done. *See, e.g.*, *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997) ("In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal."). We grant Shelby's request for $6000 in appellate attorney fees.

**AFFIRMED.**