Aaron Eugene **MELCHIORI**, Plaintiff–Appellee/Cross–Appellant,

v.

Shannon Caye **KOOI**, Defendant–Appellant/Cross–Appellee.

No. 01–1268.

Court of Appeals of Iowa.

Jan. 28, 2002.

Cheryl Newport of Newport & Newport, Davenport, for appellant.

Mary Wolfe, Clinton, for appellee.

Considered by SACKETT, C.J., and MAHAN and HECHT, JJ.

SACKETT, C.J.

Aaron Eugene Melchiori and Shannon Caye Kooi are the parents of Riley L. Melchiori. Riley was born April 22, 1999. Aaron and Shannon never married. In February of 2000, when Riley was ten months old, an order was entered establishing Aaron as Riley's birth father. The order provided Aaron and Shannon should have joint custody of Riley and they should have joint physical care. The order provided that Riley should be with each parent half the time and each parent should provide one half his support. In September of 2000 Aaron filed an application to modify the order, contending there had been a change of circumstances since the entry of the custody order and that the order should be modified and he should be granted primary physical care.

A hearing was held. The district court found Riley was a well-cared-for, healthy child, and both his parents were adequately meeting his physical and emotional needs. The court also found the agreement for joint physical care approved earlier did not evolve as expected, and Aaron and Shannon could no longer cooperate or communicate about Riley's care. The court found Aaron the more stable of the two parents and the one better able to provide an environment for Riley that would foster his physical, emotional and social growth. The court also noted that Aaron was married, he and his wife were expecting a child, and with Aaron as Riley's primary caregiver, the two children would have an opportunity to foster a relationship. The district court further ordered that Shannon pay $50 a month child support as long as she was unemployed.

Shannon contends that (1) the record does not support a finding that Aaron has superior parenting skills; (2) Riley's interests would be better served in her primary physical custody; (3) Aaron presents safety risks to Riley; (4) Riley will suffer psychological and emotional problems if not placed in her care; (5) despite the district court's finding to the contrary, Aaron's testimony was not credible; (6) it is best for Riley to have a relative as a day care provider; and (7) the district court considered inadmissible evidence. On cross appeal Aaron contends that the child support order should be modified. We affirm on the appeal and affirm as modified on the cross appeal.

We review de novo. Iowa R.App. P. 4. Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us. *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983). We give weight to the trial court's findings of fact, but we are not bound by them. Iowa R.App. P. 14(f)(7).

▮ The first question we need to address is whether the record shows there has been a substantial change of circumstances such as is necessary for a modification of the custody provisions of a paternity decree. Courts are empowered to modify the custodial terms of a paternity decree only when there has been a substantial change in circumstances since the time of the decree, not contemplated by the court when the decree was entered, which was more or less permanent, and relates to the welfare of the child. *See In re Marriage of Frederici,* 338 N.W.2d 156, 158 (Iowa 1983); *Dale v. Pearson,* 555 N.W.2d 243, 245 (Iowa Ct.App.1996).

Though there is common law saying divided care of the children in a dissolution is not favored, *see, e.g., In re Marriage of Roberts,* 545 N.W.2d 340, 342 (Iowa Ct. App.1996); *In re Marriage of Brainard,* 523 N.W.2d 611, 615 (Iowa Ct.App.1994), the Iowa legislature since these cases recognized joint physical care[1] as an option for divorcing parents if in the best interests of the children. Iowa Code § 598.41(5) (2001). Where parents respect their former spouse and their children and recognize that cooperation and communication are important to their children's welfare and they put that welfare ahead of

their own needs and petty differences, shared care can be beneficial to the children because it allows both parents to remain a viable and real part of the children's lives. *See In re Marriage of Swenka,* 576 N.W.2d 615, 616–17 (Iowa Ct.App. 1998). The shared custody provisions agreed to by these parties and incorporated into the decree have not evolved as envisioned by either of the parties or the court. Both parents appear to agree joint physical care is not working. Discord between parents that has a disruptive effect on children's lives has been held to be a substantial change of circumstance that warrants a modification of the decree to designate a primary physical caregiver if it appears that the children, by having a primary physical caregiver, will have superior care. *See In re Marriage of Walton,* 577 N.W.2d 869, 870 (Iowa Ct.App.1998).

▮ Having found the record supports a finding that there is a substantial change in circumstance such as supports a modification of custody, we address Shannon's first contention that Aaron failed to show he can render superior care. We agree with Shannon that the parent seeking to change the physical care from the primary custodial parent to the petitioning parent has a heavy burden and must show the ability to offer superior care. *See In re Marriage of Mikelson,* 299 N.W.2d 670, 671 (Iowa 1980); *In re Marriage of Mayfield,* 577 N.W.2d 872, 873, (Iowa Ct.App. 1998). Where one parent has primary care, that parent has been found to be the better parent. That is not the situation here, where the parents shared equally the physical and primary care of Riley. The

---

1. Iowa Code section 598.1(4) provides:

Joint physical care means an award of physical care of a minor child to both joint legal custodial parents under which both parents have rights and responsibilities toward the child including, but not limited to, shared parenting time with the child, maintaining homes for the child, providing routine care for the child, and under which neither parent has physical care rights superior to those of the other parent.

result of the initial paternity order was they were both found suitable to be primary care parents. *See In re Marriage of Frederici*, 338 N.W.2d 156, 160 (Iowa 1983) (finding either parent suitable custodian predicate to joint custody).

The district court in this action found Aaron the better parent and the more mature person. On our review of the record we agree with this conclusion. Shannon has focused a large portion of her brief on problems she contends Aaron has. We have reviewed the evidence and find no reason to disagree with the district court's conclusion Aaron is the more mature and better parent. Shannon's argument is this finding is not sufficient to grant Aaron primary physical care because it does not show he will render superior care. Aaron as the petitioning parent has the burden to show that the change he advocates will give Riley superior care. However, in assessing this issue we look not only at Aaron's parenting ability, but also at the fact that the current joint physical care arrangement is not in Riley's interest. When these two factors are weighed together we find Aaron has met the necessary burden.

Shannon next contends that the district court did not correctly assess Aaron's credibility. The district court found him more credible. We give deference to the district court's assessment of the credibility of witnesses. See Iowa R.App. P. 14(f)(7); *In re Marriage of Callahan*, 214 N.W.2d 133, 136 (Iowa 1974). On our de novo review of the record we find no reason to depart from the credibility assessments the district court made in this case.

■ Shannon contends that her mother is a better childcare provider than another that Aaron may hire. We agree that grandparents may be better childcare providers than strangers and their availability to their child in assisting with childcare may be a factor in assessing a custodial

claim. In *In re Marriage of Welbes*, 327 N.W.2d 756, 758 (Iowa 1982) the court, in granting custody to a father, considered the fact his parents were available to assist with childcare. In doing so the court said, "No matter which parent has custody, Holly [the child whose custody was in question] is foredoomed to get much of her care and early training from others. Since this is true, we believe the grandparents are to be preferred over the ministrations of strangers." In *Petition of Purscell*, 544 N.W.2d 466, 469 (Iowa Ct.App.1995) we considered, in awarding a father custody, that he would have the help of his parents in caring for the child.

However, the record at trial showed that Shannon's mother works full time, and it would not be expected that she would be available to assume all childcare. We also note the day care that Riley attends is run by his stepmother's mother. While we have considered that Shannon's mother will offer child care assistance, this factor alone does not support a reversal of the district court's award of primary physical care.

■ Shannon next contends that the district court relied on information not in the record. The district court found Shannon was arrested and charged with assault causing injury, she pled not guilty and the case is pending. Evidence supporting that finding is in the record. The district court also found that, according to the complaint, Shannon and two companions started a fight with another women outside a bar, and Shannon allegedly hit the victim in the head with a beer bottle resulting in lacerations requiring twenty-five stitches. The court also found Shannon was convicted of criminal mischief in 1995. Shannon advances that evidence supporting these findings is not in the record. In our de novo review we consider only that evidence in the record. Excluding the challenged

evidence, we arrive at the same conclusion reached by the district court.

■ Aaron contends on cross appeal that the child support ordered was not adequate. Shannon contends error was not preserved on this issue because Aaron did not file a motion pursuant to Iowa Rule of Civil Procedure 179(b), and his appeal was not filed within thirty days of the initial order. The question Shannon raises goes to whether we have jurisdiction to hear Aaron's cross appeal.

Shannon filed a rule 179(b) motion following the district court's decision. Her motion was ruled on July 9, 2001. Shannon filed a notice of appeal on August 1, 2001, and Aaron filed a notice of appeal on August 7, 2001.

■ Under Iowa Rule of Appellate Procedure 5(a), appeals must be taken within thirty days from the entry of a ruling on a rule 179(b) motion, and cross appeals must be filed within thirty days, or within five days of a timely notice of appeal. We have no jurisdiction to consider an appeal not filed within this time frame. *Robco Transp., Inc. v. Ritter,* 356 N.W.2d 497, 499 (Iowa 1984). A timely motion pursuant to Iowa Rule of Civil Procedure 179(b) will toll the time to file an appeal. *Doland v. Boone County,* 376 N.W.2d 870, 876 (Iowa 1985); *In re Marriage of Fountain,* 492 N.W.2d 707, 709 (Iowa Ct.App. 1992). However, the time for filing an appeal is not extended by the filing of an improper rule 179(b) motion. *See Qualley v. Chrysler Credit Corp.,* 261 N.W.2d 466, 471 (Iowa 1978). Shannon's rule 179(b) motion was timely and proper and tolled the appeal time both as to her appeal and to Aaron's. Both appeals were timely. We address Aaron's challenge.

■ The district court found under the present circumstances that Shannon's child support obligation should be $50 a month and should be reviewed when she is employed full time. Aaron was ordered to be responsible for all of Riley's medical expenses not covered by insurance until Shannon is employed full time. Aaron contends that is not correct, as Shannon may choose to work, but not work full time, and the order makes no provision for her to share in uncovered medical expenses as provided for in the child support guidelines. The record before the court supports the award of minimal child support as Shannon was unemployed but taking a course of instruction that she hoped in a seven-month period would lead to gainful employment. Child support is always subject to review if there is a change of circumstances. We modify to provide Shannon shall pay uncovered medical expenses over $250 a year as shall be paid by the parents in proportion to their respective net incomes.

We award no appellate attorney fees. Costs of appeal are taxed to Shannon. We affirm as modified.

**AFFIRMED ON APPEAL; AFFIRMED AS MODIFIED ON CROSS APPEAL.**