**IN THE COURT OF APPEALS OF IOWA**

No. 13-1726
Filed June 11, 2014

**STEVEN KLEMAS,**
    Plaintiff-Appellant,

**vs.**

**CINDY HOLLAND,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Paul W. Riffel, Judge.

Steven Klemas appeals from the district court's award of physical care of the parties' daughter to Cindy Holland. **AFFIRMED.**

Mark A. Young of Young Law Office, Mason City, for appellant.

Sarah A. Reindl, Mason City, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

Steven Klemas, the father, appeals from the district court's award of physical care of their daughter to the mother, Cindy Holland. He argues the district court should have awarded joint physical care. We affirm the award of physical care to Cindy.

## I. Facts and Proceedings.

Steven and Cindy were married in 2002. The marriage was dissolved in 2006. The parties had a child together in 2011. Steven filed a petition to disestablish paternity on May 3, 2012, requesting paternity testing, visitation and legal rights to the child, establishment of child support, and the child's last name be changed to Klemas. Prior to trial, the parties entered into a stipulation on temporary matters, which included shared physical care. The parties did not equally have parenting time with the child, however. Cindy cared for the child more than two-thirds of the time prior to trial. Steven averaged seven overnights per month of visitation, although he exercised liberal visitation during the morning hours before he started work.

The court held trial on the petition July 11, 2013. After its careful review of the facts and consideration of the law, the district court found the following:

> [S]hared physical placement is not in the best interest of the parties' child, under the facts presented in this case. While the parties' stipulation regarding temporary matters alluded to "shared parenting time" and "shared physical care of the child" Cindy has been the child's primary caregiver since birth. To his credit, Steven has exercised liberal visitation during daytime hours on weekdays when Cindy is at work and to her credit, Cindy has cooperated in that endeavor. However, the record reflects that since their stipulation the parties have not equally shared in providing for [the child]'s physical care. Steven has been averaging only about seven days per month of overnight visitation with [the child] during

2013 and while he would like to minimize a parent's responsibility during a child's sleeping hours, the fact remains that a parent's responsibility does not end when a child goes to bed. That fact has been recognized by the Supreme Court of Iowa. Rule 9.9 of the Iowa Rules of Court provides that if a non-custodial parent's visitation exceeds 127 days per year, he/she shall receive a credit to his/her share of the basic support obligation but for purposes of the credit/'days' means overnights spent caring for the child. For more than two-thirds of every month Cindy has been [the child]'s primary caregiver during weekdays from the time she gets home from work in the evening until she leaves for work the following morning and for 24 hours on her days off. Consequently, Cindy has been the parent providing for [the child]'s primary residence and performing the day-to-day chores associated therewith including cooking, cleaning and laundering. It is in [the child]'s best interest that Cindy continue in that role.

The Court further concludes that Steven is entitled to liberal visitation which will assure the child the opportunity for maximum continuing physical and emotional contact with both of her parents. The visitation hereinafter decreed is intended to be the minimum and the parties will be expected to reasonably communicate and cooperate with each other in arranging additional visitations.

Steven appeals from this portion of the order.

## II. Analysis.

Our review of this matter is de novo. *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002). In *In re Marriage of Hansen*, our supreme court laid forth four non-exclusive factors when determining if joint physical care is in a child's best interests. 733 N.W.2d 683, 697–700 (Iowa 2007). These are: stability and continuity, ability of the parents to communicate, the degree of conflict, and the degree of general agreement about parenting. *Id.* The court emphasized:

[I]mposing a new physical care arrangement on children that significantly contrasts from their past experience can be unsettling, cause serious emotional harm, and thus not be in the child's best interest.

As a result, the successful caregiving by one spouse in the past is a strong predictor that future care of the children will be of

the same quality. Conversely, however, long-term, successful, joint care is a significant factor in considering the viability of joint physical care . . . .

. . . .

All other things being equal, however, we believe that joint physical care is most likely to be in the best interest of the child where both parents have historically contributed to physical care in roughly the same proportion. Conversely, where one spouse has been the primary caregiver, the likelihood that joint physical care may be disruptive on the emotional development of the children increases.

*Id.* at 697–98 (internal citations omitted).

On appeal, Steven insists that the parties actually had joint physical care under the temporary stipulation arrangement prior to trial, though the parties' time with the child was not equivalent. He also seeks to minimize the importance of overnight care when considering whether to award joint physical care. He also argues we should apply the standard for modification of custody in this matter, though he admits this is not a modification order.

"While we believe that in many contested cases, the best interests of the child will not be advanced by joint physical care, the courts must examine each case based on the unique facts and circumstances presented to arrive at the best decision." *Id.* at 700. The child will have the most stability and continuity with physical care awarded to Cindy and liberal visitation to Steven. We affirm the district court. Costs on appeal are taxed to Steven.

**AFFIRMED.**