# IN THE COURT OF APPEALS OF IOWA

No. 14-2049
Filed August 19, 2015

**IN RE THE MARRIAGE OF THOMAS ALAN MCDERMOTT
AND MISTI D. MCDERMOTT**

**Upon the Petition of
THOMAS ALAN MCDERMOTT,**
        Petitioner-Appellant,

**And Concerning
MISTI D. MCDERMOTT,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Clinton County, Nancy S. Tabor,

Judge.


        A father appeals the district court's decision modifying the shared care

provision of the dissolution decree and awarding the mother physical care.

**AFFIRMED.**


        J. Drew Chambers of Holleran, Shaw, Murphy & Stoutner, Clinton, for

appellant.

        James D. Bruhn of Farwell & Bruhn Law Firm, Clinton, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.  Tabor, J.,

takes no part.

**MULLINS, J.**

Thomas McDermott appeals the district court's modification decision that struck the shared care provisions of the dissolution decree and placed the children in Misti McDermott's care. Thomas claims the court should have kept the shared care arrangement as it did not find him to be an unfit parent so as to justify interrupting his constitutional right to his children. He also claims Misti has alienated the children, particularly the older child, from him. While he agrees the dissolution decree should be modified to remove the provisions pertaining to the right of first refusal and the telephone call with the noncustodial parent, he claims shared physical care should continue.[1]

**I. Background Facts and Proceedings.**

Thomas and Misti were divorced in February 2013. The parties stipulated to shared physical care of their two children, exchanging the care of the children on Saturdays and alternating Tuesdays and Wednesdays. The dissolution decree provided for a right of first refusal if the custodial parent was unable to care for the children for more than five hours, and also provided the noncustodial parent could call the children every day so long as it occurred by 7 p.m.

Subsequent to the dissolution proceedings, Thomas moved out of town to a country farm house about a thirty-minute drive from the children's school. Problems developed in the parties' communication. Thomas failed to pay his

---

[1] On August 5, 2014, we filed a decision in which we affirmed the district court's modification order. We subsequently granted Misti's petition for rehearing to address her request for appellate attorney fees, and pursuant to Iowa Rule of Appellate Procedure 6.1204, we vacate our prior decision and this decision replaces it. After rehearing, we affirm and grant Misti $4500 in appellate attorney fees.

share of the uncovered medical expenses or pay Misti her share of the proceeds of the sale of two of the vehicles owned by the parties as ordered by the dissolution decree. Thomas also failed to turn over certain personal property items as ordered by the court. Misti alleged Thomas failed to abide by the right-of-first-refusal provision, and Misti routinely quizzed the older child during the daily phone call regarding where the children were located and whether Thomas was working.

The older child saw a therapist both during and following the dissolution decree. The therapist testified at the modification action that after the dissolution decree the older child became very focused on his anger towards his father and it was all the child would talk about during sessions. According to the therapist, the anger had to do with punishments he was receiving from Thomas and being required to do a lot of work on the farm. The child also reported a high degree of depression at his father's house, as compared to his mother's house. When the child did not make any progress in therapy over the course of several months, the therapist recommended to discontinue therapy and referred the family to another office.

Misti filed her petition for modification accompanied by an application for rule to show cause in May 2014, asking that the children[2] be placed in her physical care and asking that Thomas be held in contempt for not abiding by the right of first refusal, failing to pay his share of the uncovered medical expenses, failing to permit the daily phone call, failing to pay to her one-half of the proceeds

---

[2] At the time of the modification trial, their son was almost twelve years old and their daughter was three.

of the sale of the vehicles, failing to provide necessary parts to the wood burning furnace so that she can sell it in accordance with the decree, and failing to turn over certain personal property items.  Thomas responded with his own petition for modification and application for rule to show cause, asking that the children be placed in his physical care and asking that Misti be held in contempt for making disparaging comments about him in the children's presence.

The matter proceeded to a hearing in October 2014, and after hearing from both parties and the older child's therapist, the court placed the children in Misti's physical care, granting Thomas visitation every other weekend, one overnight every week, two separate two-week periods during the summer, and alternating holidays.  The court noted both parties argued the shared care arrangement and the right-of-first-refusal provision are not working in the best interests of the children.  Both also agreed there were severe communication issues that were at times hostile.  The court concluded,

> It is absolutely clear from the evidence that the shared physical care and first right of refusal provisions of the decree have resulted in confusion with custodial arrangements, has caused anxiety in the children and the parents, and probably never was an appropriate option for the parties to agree upon.

In selecting Misti as the parent to receive physical care, the court noted the younger child routinely came back from Thomas's house covered in red bumps that were either bug bites or some type of allergic reaction.  Thomas was not supportive of the younger child's preschool attendance and objected to the older child's extracurricular activities that were scheduled during "his" parenting time, including Boy Scouts, soccer practice, and after school involvement in a robotics

club. While the court agreed it was inappropriate for Misti to involve the older child in the right-of-first-refusal issue, the court concluded this could be resolved by the elimination of that provision and did not amount to parental alienation. The court also found Thomas to be in contempt for failing to pay his share of the uncovered medical expenses and for failing to turn over personal property awarded in the decree. Thomas does not appeal the contempt finding but only challenges the physical care modification on appeal.

## II. Scope and Standard of review.

Our review of the district court's modification decision is de novo. *In re Marriage of Brown*, 778 N.W.2d 47, 50 (Iowa 2009). We give weight to the court's factual findings, especially its credibility determinations, but we are not bound by them. *Id.* Our overarching consideration is the best interests of the children. *In re Marriage of Hoffman*, ___ N.W.2d ___, ___, 2015 WL 2137550, at *4 (Iowa 2015).

## III. Physical Care.

Thomas asserts we should order the shared physical care arrangement to continue because before the court can modify the physical care provisions of the dissolution decree, it must find that he was an unfit parent.[3] We find no requirement in our statutes or case law that requires finding a parent is unfit in order to modify the physical care provisions of a dissolution decree.

_____

[3] Misti notes at the modification action Thomas did not request the shared physical care arrangement continue but instead requested the physical care of the children be placed with him. Misti asserts Thomas failed to preserve error on the claim he now makes on appeal. We disagree. We interpret Thomas's claim on appeal to be focused on whether Misti satisfied her burden to justify modifying the physical care provision in this case. We therefore address the claims made based on our de novo review of the record.

As our supreme court recently noted, the applicable standard in modification actions is well-established:

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's wellbeing.

*Hoffman*, 2015 WL 2137550, at *5. The parent seeking the modification has a heavy burden because once custody has been established it should be modified only for the most cogent reasons. *Id.*

It was clear to the district court that the shared physical care arrangement was not working. The discord and lack of effective communication between the parents had a disruptive effect on the children leading to anxiety and depression, particularly with the older child. The parties could not agree on extracurricular activities for the older child, could not agree on schooling or day care for the younger child, could not communicate about the health needs of the children, and could not even exchange personal property that had been the subject of the dissolution decree. *See In re Marriage of Hansen*, 733 N.W.2d 683, 700 (Iowa 2007) ("Factors often of importance in determining the viability of joint physical care include an overriding interest in stability and continuity, the degree of communication and mutual respect, the degree of discord and conflict prior to dissolution, and the extent to which the parties agree on matters involving routine care."). Upon our de novo review, we agree with the district court's assessment

that shared physical care "probably never was an appropriate option for these parties to agree upon." We also agree that the children will have superior care by having a primary physical caregiver. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa 2002).

In this situation, we must determine which parent will provide superior care since shared physical care is not in the children's best interests. *Id.* In light of the fact that the parties previously had shared physical care, both parents were found to be suitable physical care parents. *Id.* at 368–69. The excessive amounts of red bumps observed on the younger child following time in her father's home is concerning particularly in light of the fact that father was unable to explain these marks and the marks occurred over the course of the entire year. While it is also concerning that Misti would discuss the legal provisions of the dissolution decree with the older child, we agree with the district court's assessment that this did not amount to parental alienation as alleged by Thomas.

The court found Thomas's explanation of his objections to the older child's extracurricular activities not credible, and we defer to the district court's credibility determinations in light of its ability to observe the witnesses during their testimony. *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984) ("There is good reason for us to pay very close attention to the trial court's assessment of the credibility of witnesses. A trial court deciding dissolution cases 'is greatly helped in making a wise decision about the parties by listening to them and watching them in person.'" (citations omitted)). The therapist testified to the

anger the older child feels toward Thomas and to the child's reporting of depression while at the father's house.

We agree with the district court assessment "[t]hat taking the detrimental characteristics of both parents into account, Thomas's detriments are greater than Misti's." The inappropriate involvement of the older child in the right-of-first-refusal argument between the parties should be resolved with the elimination of that provision. Misti's house is within blocks of the children's school, and Misti is available to care for the children during school breaks in light of her employment with the school system. We affirm the district court's modification of the physical care provisions, placing the children in Misti's physical care and granting Thomas visitation.

## IV. Appellate Attorney Fees.

Misti requests an award of appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). We consider "the parties' respective abilities to pay," and "whether a party has been obliged to defend the trial court's decision on appeal." *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). After considering these factors, we determine Misti is entitled to $4500 in appellate attorney fees.

**AFFIRMED.**