# IN THE COURT OF APPEALS OF IOWA

No. 15-1072
Filed December 9, 2015

IN RE THE MARRIAGE OF ERIC TODD SANDERS
AND JAYNE ANN SANDERS

Upon the Petition of
**ERIC TODD SANDERS,**
  Petitioner-Appellee,

And Concerning
**JAYNE ANN SANDERS, n/k/a JAYNE ANN LEWIS,**
  Respondent-Appellant.

_____

  Appeal from the Iowa District Court for Mahaska County, Joel D. Yates, Judge.

  A mother appeals the district court's modification of the physical care provisions of the dissolution decree. **AFFIRMED AS MODIFIED.**

  Alexandra D. Frazier of R.J. Hudson Law Firm, P.C., West Des Moines, for appellant.

  Kathryn E. Walker of Walker, Billingsley & Bair, Newton, for appellee.

  Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

Jayne Sanders appeals the district court's ruling, modifying her and Eric Sanders's joint physical care of the parties' three children to place physical care with Eric. Upon the stipulation of the parties that a substantial change of circumstances had occurred, we agree with the district court that the best interests of the children dictate that Eric be granted physical care. We therefore affirm the district court's modification decision, though we modify the language in the decree to clarify the summer visitation.

**I. Facts and Background Proceedings.**

In September 2013, the parties' eight-year marriage was dissolved. The three children, born 2004, 2007, and 2011, were placed in the parties' joint legal custody and joint physical care. From the time of the decree until August 2014, the parties alternated care of the children on a weekly basis. This worked well for the family, as Eric and Jayne both resided in the North Mahaska school district. However, when Jayne announced she was moving to Colfax, an hour's drive away, the weekly alternating of shared physical care was impacted. On November 10, Eric filed an application to modify the joint physical care arrangement. The matter came on for hearing on May 20, 2015, and the court granted Eric physical care of the children. Jayne appeals.

**II. Standard of Review.**

We review modification actions de novo. *In re Marriage of Brown*, 778 N.W.2d 47, 50 (Iowa 2009). We give weight to the district court's findings, especially regarding the credibility of witnesses, but are not bound by them. *Id.*

Modifying the physical care provision of a decree occurs:

only when there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child. The parent seeking to change the physical care from the primary custodial parent to the petitioning parent has a heavy burden and must show the ability to offer superior care.

*Id.* at 51. Where the prior decree granted joint physical care, both parties were "found suitable to be primary care parents." *Melchiori v. Kooi*, 644 N.W.2d 365, 369 (Iowa Ct. App. 2002). In this case, the parties stipulated that Jayne's move to Colfax amounted to a substantial change in circumstances relating to the welfare of the children, so the only issue to be determined was which party could demonstrate an ability to offer superior care. *Id.* at 368.

## III. Physical Custody Determination

Jayne first asserts the district court erred in placing physical care of the children with Eric. She raises several points involving concerns whether the children are adequately supervised and their individual needs are properly addressed when they are in Eric's care. After hearing the testimony, the district court found Jayne's concerns were unsupported. We agree and find no purpose in rehashing that which the district court has already sorted through, declining to find any merit to Jayne's mostly speculative points. The district court concluded:

> Less than a year after being awarded joint physical custody, Jayne decided to move from New Sharon to Colfax. That decision carries consequences. For the four months after Jayne's move to Colfax, she left the children with Eric and had extremely limited contact with them. It was only after the modification action commenced that Jayne wanted to return to alternating weeks.
> Having had the opportunity to view the testimony and demeanor of both parties, the Court concludes that Eric is better positioned to provide both short-term and long-term stability of the girls. In awarding physical custody to Eric, the Court will maintain important continuity for the girls: they will remain in the only home they have known; they will remain in the only school district they

have attended; they will continue to keep their close-knit group of friends; and [they] have the reassurance of being in the familiar surroundings of New Sharon and their extended family on both sides.

Upon our de novo review, we echo these findings and affirm physical care of the children with Eric.

## IV. Physical Care v. Visitation

Jayne next asserts the district court erred by awarding both parents "primary physical care" of the children. The district court's ruling provided:

> 1. <u>Primary Physical Care</u>. *Petitioner [Eric] shall have primary physical care of the minor children* pursuant to Iowa Code § 598.1. "Physical care and placement" shall mean the right and responsibility to maintain the children's principal home and to provide for routine care.
> 2. *<u>Visitation</u>. Respondent [Jayne] shall have reasonable rights of visitation* that are reasonable and convenient to all parties involved, including, but not limited to:
> A. During the school year: Every other weekend from Friday at 6:00 p.m. until Sunday at 6:00 p.m.
> B. Mid-week Contact: Respondent will have mid-week contact with the children on a regular basis at regular times as the parties may subsequently agree. Absent agreement of the parties, mid-week contact will be on Wednesday from 5:00 p.m. until 7:30 p.m. on the week after a weekend visitation and on Monday from 6:00 p.m. until 8:00 p.m. on the week of a weekend visitation.
> C. *During summer break* from school, from the time school ends in May or June until it resumes in August or September, the girls will be in the *primary custody of Jayne* subject to every-other-weekend visits for Eric and a weeknight visit on Wednesday, similar to that enjoyed by Jayne during the school year. However, Eric is given seven consecutive days during the summer in which he may exercise for purposes of a vacation. Eric must provide to Jayne in writing his seven days on or before May 1 of each year.

(Emphasis added.)

It is clear from the decree that the children would primarily reside with Jayne during the summer months but that does not equate to both parents having, as Jayne alleges, "primary physical care." The first paragraph of the

order pertains to physical care, and it unequivocally grants that to Eric. The next paragraph is entitled, "Visitation" and contains detailed subparagraphs. It is under this rubric that Jayne is granted increased summer visitation, somewhat inartfully worded as "primary custody." Other sections of the decree support that Eric is the physical care provider of the children. For example, under "Child Support," it is Jayne who is to pay to Eric $259.00 "each month," with no provision for an offset during the summer months. Moreover, under "Health Insurance and Medical Expenses," Eric is to pay "the first $250 per year per child of uncovered medical expenses," as the mandated responsibility of the "custodial parent" in Iowa Court Rule 9.12(5). Therefore, upon our review of the modification order as a whole, we conclude physical care of the children was granted to Eric, with increased visitation with Jayne in the summer. However, we modify the language used to describe Jayne's summer visitation to correct any ambiguity:

> C. During summer break from school, from the time school ends in May or June until it resumes in August or September, the girls will ~~be in the primary custody of~~ <u>reside with</u> Jayne subject to every-other-weekend visits for Eric and a weeknight visit on Wednesday, similar to that enjoyed by Jayne during the school year. However, Eric is given seven consecutive days during the summer in which he may exercise for purposes of a vacation. Eric must provide to Jayne in writing his seven days on or before May 1 of each year.

Having found the district court's modification decision to be in the best interests of the children, we affirm placing the children in Eric's physical care and modify the decree only to the extent to clarify the language regarding the summer visitation. Costs on appeal are assessed to Jayne.

**AFFIRMED AS MODIFIED.**