# IN THE COURT OF APPEALS OF IOWA

No. 16-0177
Filed October 26, 2016

IN RE THE MARRIAGE OF DEAN RICHARD OLSON
AND TINA MARIE OLSON

Upon the Petition of
**DEAN RICHARD OLSON,**
       Petitioner-Appellant,

**And Concerning**
**TINA MARIE OLSON, n/k/a/ TINA MARIE KOZIOL,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Floyd County, Christopher C. Foy,

Judge.

       Dean Olson appeals from the order denying his petition to modify child

custody. **AFFIRMED.**

       Laurie J. Pederson of Pederson Law Office, Rockford, for appellant.

       William P. Baresel of Prichard Law Office, PC, Charles City, for appellee.

       Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Dean Olson and Tina Olson (now known as Koziol) were married in 2004 and have a daughter, who was born in 2005. The parties' marriage was dissolved in 2014, after the parties entered into a stipulation that was approved by the district court. The dissolution decree awarded the parties joint legal custody, with Tina having physical care of the child and Dean having visitation pursuant to a set schedule. The parties' stipulation contained a "joint parenting plan," which the parties agreed would "be guidelines for implementation of the joint parenting." Among other things, the plan stated:

> The child shall not leave the school district in which she resides at the time of the signing of this Stipulation without a 60 day notice to the other party and a Court Order permitting such change. In the event that either parent desires to enroll the child in a school district other than the current one, a modification action would be necessary prior to their removal from those districts if the parties cannot mutually agree.

In 2015, Tina became engaged to a man who lived in a small town in central Wisconsin located more than two hundred miles away from where she, Dean, and their child lived. Tina mailed Dean a letter stating that she was remarrying and would be moving to Wisconsin, and requesting that Dean call her if he wanted to talk about visitation. Dean subsequently filed his petition to modify custody, asserting that there had been a substantial change in circumstances since entry of the decree and that modification of the decree to place the child in his physical care was in the child's best interests. He alleged that Tina had "deliberately [misled him] in order to receive physical care."

Following a trial, the district court entered its order denying and dismissing Dean's petition. The court found Dean's petition to modify was premature, explaining:

> Other than the fact Tina is now [remarried] . . . and plans to relocate permanently to [Wisconsin, Dean], has shown no change in her circumstances. By itself, the remarriage of Tina is not a substantial change in her circumstances. Given that each of the parties has been married previously, it was not unexpected or unforeseen that Tina might get married again.

Additionally, the court found that even if Tina's remarriage and her plan to relocate to Wisconsin constituted a substantial change in circumstances, Dean failed to establish he could minister more effectively to the needs of the child. The court noted that, just a year prior thereto, Dean agreed to place the child in Tina's physical care and thus "acknowledged that it was in the best interests of [the child]." However, because Tina was moving more than two-hundred miles away, the court modified the decree's visitation provisions, allowing the child to move with Tina to Wisconsin and enroll in school there. The court also modified the decree to eliminate the scheduled midweek visitation between Dean and the child, as well as the visits scheduled on Dean and the child's birthday unless the day fell within his weekend or summer-break visitation. Finally, the court ordered that Dean and Tina share transportation costs for visitation. Though the court stated it had "some reservations about maintaining the present physical care arrangement," noting that "Tina did not give much thought to the role Dean plays in the life of their daughter or how a long-distance move might impact Dean" and that it did "not appear that Tina properly value[d] the relationship between Dean and [their child]," the court directed that, "[g]oing forward, Tina must change her

attitude towards Dean, acknowledge that he has an important role to play as the father of [their child], and do more to support and encourage [their relationship]."

Dean now appeals, arguing the district court erred in denying and dismissing his petition for modification. He contends the child's continued physical placement with Tina was not in the child's best interest and asserts he is the superior parental caregiver. Our review is de novo. *See In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). "We give weight to the findings of the district court, particularly concerning the credibility of witnesses; however, those findings are not binding upon us." *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). The controlling consideration in child-custody cases is always the child's best interests. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

A party seeking modification of a decree's physical-care provisions "faces a heavy burden, because once custody of a child has been fixed, 'it should be disturbed only for the most cogent reasons.'" *Harris*, 877 N.W.2d at 440 (citation omitted). This requires the moving party to establish both that "a substantial change in circumstances occurred after the decree was entered" and that the moving party has "a superior ability to minister to the needs of the child[ ]." *Id.* "The changed circumstances affecting the welfare of [the child] and justifying modification of [the] decree 'must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary.'" *Id.* (citation omitted).

Assuming without deciding that Tina's remarriage and move to Wisconsin was a substantial change in circumstances not contemplated by the district court

when the parties' decree was entered, we agree with the district court that Dean has not shown he is the superior caregiver or that modifying the decree to place the child in Dean's physical care is in the child's best interests. Although Dean is a fine parent, it is implicit in the court's ruling that it concluded, as the fact-finder, that Tina was more credible than Dean, even though the court expressly noted it did not support all of Tina's actions. *See, e.g.*, *Feuk v. Feuk*, No. 12-1699, 2013 WL 1749802, at *1 (Iowa Ct. App. Apr. 24, 2013); *see also Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 560-61 (Iowa 2010) (applying standard to "work backward" and ascertain implicit credibility findings in workers' compensation commissioner's decision). Having examined the record de novo, we defer to the district court's credibility assessments of the parties. *See In re Marriage of Gensley*, 777 N.W.2d 705, 717 (Iowa Ct. App. 2009). The district court had distinct advantages in assessing credibility, having observed the parties firsthand and having drawn upon senses unavailable to us on appeal. *See In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984).

There is no doubt Dean loves and cares for his child. Similarly, there is no doubt that Tina's move from Iowa with the child lessens the frequency with which Dean will be able to see the child. However, the district court expressly found that Tina has served as the primary caregiver throughout the child's life, and our review of the record supports the court's finding. Moreover, Dean agreed to place the child in Tina's physical care in the parties' very recent stipulation, which we believe he would not have done if it was not in the child's best interests.

Custody "is not a matter of reward or punishment." *In re Marriage of Teepe*, 271 N.W.2d 740, 742 (Iowa 1978) (citation omitted). "Where one parent

has primary care, that parent has been found to be the better parent." *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002). Where "both parents are found to be equally competent to minister to the children, custody should not be changed." *In re Marriage of Rosenfeld*, 524 N.W.2d 212, 213 (Iowa Ct. App. 1994). We cannot find on this record that Dean's ability to minister to the needs of the child is superior to Tina's. Consequently, Dean has not met his heavy burden to justify modification of the child's physical care placement.

For these reasons, we affirm the district court's denial and dismissal of Dean's petition to modify the parties' dissolution decree.

**AFFIRMED.**