**IN THE COURT OF APPEALS OF IOWA**

No. 16-0049
Filed December 21, 2016

**IN RE THE MARRIAGE OF JACQUELINE BUSCH VAN METER AND CLARKE JENNINGS VAN METER**

**Upon the Petition of
JACQUELINE BUSCH VAN METER,**
        Petitioner-Appellee,

**And Concerning
CLARKE JENNINGS VAN METER,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Delaware County, Todd A. Geer

(modification order) and Thomas A. Bitter (child-support order), Judges.


        Clarke Van Meter appeals certain economic provisions of the orders

modifying the decree dissolving his marriage to Jacqueline Busch Van Meter.

**AFFIRMED AS MODIFIED.**


        Mark A. Roeder of Roeder Law Office, Manchester, for appellant.

        Cory R. Thein of Pioneer Law Office, Dubuque, for appellee.


        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Clarke Van Meter and Jacqueline Busch Van Meter were divorced in June 2007. Pursuant to the dissolution decree, Jacqueline was awarded physical care of the parties' child. In April 2014, Clarke sought to modify the decree of dissolution. In September 2015, the district court entered its order modifying the decree, granting the parties joint physical care of their child. Clarke then filed a motion to amend or enlarge the district court's modification order pursuant to Iowa Rule of Civil Procedure 1.904(2), which the district court granted in part and denied in part. The district court subsequently entered an order setting child support, which was modified following Clarke's filing of additional rule 1.904(2) motions. Clarke now challenges three economic provisions resulting from these orders: (1) the district court's award of the dependent tax exemption to Jacqueline; (2) the district court's failure to include Jacqueline's residential rental income when calculating her child-support obligation, and (3) the district court's equal division of uncovered medical expenses between the parties.

Because an action to modify a dissolution decree is heard in equity, our review is de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014). We give weight to the factual findings of the district court, especially with regard to witness credibility, but we are not bound by them. *See* Iowa R. App. P. 6.904(3)(g); *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). Case precedent has little value and we must base our decision on the particular circumstances of the case before us. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002).

Clarke first claims the tax exemption for the minor child should be rotated between the parties every other year.[1] Clarke claims the tax exemption would provide greater benefit to him—who makes approximately $60,000 a year—than it would to Jacqueline—to whom he attributes a gross annual income of $230,071, approximately $90,000 over the $140,000 imputed by the district court. We note Jacqueline was awarded the dependency tax exemption in the original divorce decree. The burden rests with Clarke, as the party seeking modification, to show a change in circumstances justifying a modification of the tax exemption award. *See In re Marriage of Okland*, 699 N.W.2d 260, 269 (Iowa 2005). Here, the parties now have joint physical care of the child, with Jacqueline paying child support to Clarke as a result of the modification and her significantly higher income. On our de novo review, we find no inequity in the court's election not to modify its award of the dependent tax exemption to Jacqueline.

Clarke next claims the district court erred in declining to include Jacqueline's rental income when calculating her child-support obligation. Clarke contends he proved at trial Jacqueline earns $70,800 in annual rent and Jacqueline failed to produce evidence regarding deductible expenses from these income properties. In its order, the district court stated it had considered Clarke's evidence as to Jacqueline's rental income and found "the evidence presented as to [Jacqueline's] rental income is insufficient for the court to make a determination as to the amount of net rental income, if any, [Jacqueline] receives from her properties." In so finding, the court noted Jacqueline had recently

---

[1] Jacqueline claims error was not preserved on this issue. We note the modification order explicitly maintains the right to the tax exemption with Jacqueline "provided she is current in her child support obligation." We find error was preserved.

acquired the properties and "credibly testified that she has expended significant sums on the properties to make them habitable. [Jacqueline] also testified that she continues to expend funds on those properties." Thus, contrary to Clarke's assertion, Jacqueline provided evidence in the form of her testimony which the district court found credible. We defer to that finding of credibility and affirm on this issue.

Finally, Clarke alleges the district court erred in making the parties equally responsible for all uncovered medical expenses for the child. Jacqueline counters the division is equitable because she provides health insurance for the minor child. Iowa Court Rule 9.12(5): "In cases of joint physical care, the parents shall share all uncovered medical expenses in proportion to their respective net incomes." The district court found Clarke has an annual income of $60,000 and Jacqueline has an annual income of $140,000. The court apparently relied on the child support guidelines worksheet filed on December 28, 2015, that showed Jacqueline's net monthly income at $7868.34, Clarke's at $3616.58, proportional shares of income as 68.5% and 31.5%, and, as finally ordered by the district court, net monthly child support of $405.73. Using these amounts, we determine the modification order should be and is hereby modified to provide Jacqueline shall pay 68.5% of all uncovered medical expenses and Clarke shall pay the remaining 31.5%. *See, e.g.*, *In re Marriage of Petersen*, No. 15-0282, 2016 WL 1757628, at *4 (Iowa Ct. App. Apr. 27, 2016) (reapportioning the uncovered medical expenses from the mother paying two-thirds to the father paying two-thirds based upon the parties' respective incomes despite the father providing health insurance for the children).

Both parties request an award of their appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *Okland*, 699 N.W.2d at 270. In determining whether to award attorney fees, we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* Having considered these factors, we determine the parties shall bear their own appellate attorney fees.

**AFFIRMED AS MODIFIED.**