# IN THE COURT OF APPEALS OF IOWA

No. 16-0952
Filed March 8, 2017


**IN RE THE MARRIAGE OF CAROLYN L. VOGT
AND DAVID VOGT**

**Upon the Petition of
CAROLYN L. VOGT n/k/a CAROLYN L. MART,**
        Petitioner-Appellee/Cross-Appellant,

**And Concerning
DAVID VOGT,**
        Respondent-Appellant/Cross-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        David Vogt appeals the district court's denial of his application for

modification of the physical-care provisions of the decree dissolving his marriage

and award of attorney fees.  **AFFIRMED.**


        Lynne Wallin Hines of Lynne W. Hines Law Office, Des Moines, for

appellant/cross-appellee.

        Patrick H. Payton of Patrick H. Payton & Assoc., P.C., Des Moines, for

appellee/cross-appellant.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

David Vogt appeals the district court's denial of his application for modification of the physical-care provisions of the decree dissolving his marriage to Carolyn Vogt, now Carolyn Mart. He also appeals the court's award of attorney fees to Carolyn in the amount of $3940. Carolyn cross-appeals the court's order arguing Dave's child-support obligation should be increased based upon his income earned. Both parties request appellate attorney fees. Because we agree with the district court's decision, we affirm.

Dave and Carolyn were married in 2004. They have two minor children together: E.V., who was sixteen years old at the time of this modification trial,[1] and A.V., who was twelve. The parties' marriage was dissolved by stipulated decree in August 2008. The decree provided for joint legal custody of the children and shared physical care. The decree also provided Dave was to pay child support to Carolyn in the amount of $346.31 per month.

In June 2011, Carolyn petitioned for modification of the decree. The court awarded physical care of the parties' children to Carolyn and extraordinary visitation to Dave.[2] Pursuant to the order, Dave exercises visitation every Wednesday after school until Thursday morning and on alternating weekends from Friday after school until Monday morning. The modification order also increased the amount of child support paid by Dave to Carolyn to $757 per month.

---

[1] E.V. will be eighteen years old in June of this year.
[2] "Extraordinary visitation" is defined as visitation that "exceeds 127 days per year." Iowa Ct. R. 9.9.

In September 2013, Dave filed an application for modification of the decree asking the court to award him physical care of the parties' children. Carolyn resisted the application and asked the court to review the amount of child support and limit Dave's visitation with the children.

In May 2016, the district court entered an order denying the parties' requests. The court reasoned the circumstances were the same or similar to those at the time of the first modification in 2011; thus, there was no substantial change in circumstances. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002) ("[T]he parent seeking to change the physical care from the primary custodial parent to the petitioning parent has a heavy burden and must show the ability to offer superior care."). The court further found Dave had not proved he could provide superior care for the children. *See id.* With regard to Carolyn's request for an increase in Dave's child-support obligation, the court found there was "insufficient evidence to show the exact amount that [Dave] does earn over and above his salary from [his full-time employment] for his side jobs and for his selling of scrap" and denied Carolyn's request. Finally, the court ordered Dave to pay $3940 toward Carolyn's attorney fees.

We review an action to modify a dissolution decree de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014). We give weight to the factual findings of the district court but are not bound by them. *See* Iowa R. App. P. 6.904(3)(g); *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). Our overarching consideration is the best interests of the children. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

Upon our de novo review of the record, along with a careful study of the briefs and the district court's ruling, we conclude the findings of fact and credibility determinations in the district court's well-reasoned ruling correctly resolve the physical-care and child-support issues raised by the parties and we affirm.

Next, we consider whether the court's order requiring Dave to pay $3940 toward Carolyn's trial attorney fees was an abuse of discretion. *See In re Marriage of Michael*, 839 N.W.2d 630, 635 (Iowa 2013). Based on the record before us, we cannot say the district court abused its discretion and affirm as to this issue.

Finally, both parties request appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). In determining whether to award attorney fees, we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (citation omitted). After considering these factors, we award Carolyn appellate attorney fees of $3000.

Accordingly, we affirm the district court's decision without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e). We award Carolyn appellate attorney fees of $3000.

**AFFIRMED.**