# IN THE COURT OF APPEALS OF IOWA

No. 18-0557
Filed November 7, 2018

IN RE THE MARRIAGE OF PATRICK A. RACETTE
AND KERI RACETTE

Upon the Petition of
PATRICK A. RACETTE,
     Petitioner-Appellant,

And Concerning
KERI RACETTE,
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.


Patrick Racette appeals from the order modifying the joint physical care provision of his divorce decree. **AFFIRMED.**


Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, PC, West Des Moines, for appellant.

Ryan R. Gravett of Oliver Gravett Law Firm, PC, West Des Moines, for appellee.


Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Patrick Racette appeals from the order modifying the joint physical care provision of his divorce decree with Keri Racette. He argues the district court erred in finding a substantial change in circumstances to end their physical care arrangement and in placing the children in Keri's physical care. We find the district court's factual determinations are supported by the record and affirm the grant of physical care to Keri.

Patrick and Keri Racette married in December 2010. The marriage produced two children, born in 2011 and 2013. On January 23, 2015, the district court issued the decree of dissolution, which incorporated the parties' joint stipulation. As part of the stipulation, the parties agreed to joint legal custody and joint physical care of their children. On June 12, 2017, Keri filed a petition for modification seeking physical care of the parties' children. On March 13, 2018, trial was held on the matter. On March 22, the district court issued its ruling:

> Keri has proven a substantial change in circumstances to modify the Decree and to award her primary physical care. Patrick has been inconsistent in paying his financial obligations under the Decree. This creates difficulties in a joint care arrangement when bills such as [childcare] are not paid. Patrick has delegated parenting duties to his parents, especially his mother. Patrick has been inconsistent in getting the children to their scheduled activities. The children exhibit anxiety about the frequent visitation exchanges, and about going to Patrick's home. The parties' son has begun hitting and kicking Patrick when he goes to his apartment. Keri and Patrick's communication has deteriorated, and is poor at present. These are circumstances that are substantial changes since entry of the Decree, they are more or less permanent, and were not foreseeable. Keri is a stable and responsible parent and a good mother to the children. She is the superior parent. It is in the children's best interest to award primary physical care to Keri.

"Petitions to modify the physical care provisions of a divorce decree lie in equity. Accordingly, our review is de novo." *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (citations omitted). "Although we make our own findings of fact, 'when considering the credibility of witnesses the court gives weight to the findings of the trial court' even though we are not bound by them." *Id.* (quoting *In re Marriage of Udelhofen*, 444 N.W.2d 473, 474 (Iowa 1989)).

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. . . . The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

*In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). In evaluating whether the petitioner has met the burden to modify a joint physical care arrangement, we look at the petitioner's parenting ability and whether the current joint physical care arrangement is in the children's best interests. *Melchiori v. Kooi*, 644 N.W.2d 365, 369 (Iowa Ct. App. 2002).

On our de novo review of the record, we are less concerned with the son's recent aggression when transferring to Patrick's care. It is unclear how common this aggression is and we cannot conclude the district court did not contemplate some anxiety in these young children when they transferred from one parent to the other nearly every other day. We are also less concerned with the involvement of Patrick's mother in assisting him in caring for the children. Again, we cannot conclude the decretal court did not contemplate either of these parents would not

seek some form of childcare assistance. Nevertheless, we agree with the district court that the parties' communication has deteriorated so much as to be labeled "poor." For example, the lack of good communication has resulted in Patrick failing to inform Keri when the children missed various scheduled activities and failing to pay his share of joint obligations.[1]

We also agree with the district court's finding that Keri has proven herself to be the more "stable and responsible parent."[2] Therefore, we agree with the district court's order finding a substantial change in circumstances and placing the children in Keri's physical care, and we affirm without further opinion. Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

**AFFIRMED.**

---

[1] Patrick neglected his financial obligations to the point where he stipulated to being in contempt in March 2017 and paid $4000 to settle Keri's claim.

[2] We also defer to the district court's observation of Patrick's affect during the trial: "At times he was very argumentative, and at times he seemed disengaged (leaning back in his chair with his head back)." Such observations are not always apparent when simply reading the record. *See In re Marriage of Wegner*, 434 N.W.2d 397, 400 (Iowa 1988) (Harris, J., dissenting) ("One who personally observes holds a clear advantage over us who learn the case from a cold record."); *A & R Concrete & Constr. v. Braklow*, 103 N.W.2d 89, 91 (Iowa 1960) ("As in most cases of its kind, this one involves almost entirely questions of fact and credibility, and the trial court with the witnesses before it was in a much better position to decide these questions than are we with only the exhibits and the cold record to aid us.").