**IN THE COURT OF APPEALS OF IOWA**

No. 18-1939
Filed June 5, 2019

**CHAD A. SPOSETO,**
        Petitioner-Appellant,

**vs.**

**KALY M. HEDMAN, n/k/a KALY FETTE,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.


        Chad Sposeto appeals the district court order denying his petition to modify

provisions of a custody decree concerning his minor child.  **AFFIRMED.**



        Ryan R. Gravett of Gravett Law Firm, P.C., Urbandale, for appellant.

        Katherine S. Sargent, Des Moines, for appellee.



        Considered by Vogel, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Chad Sposeto and Kaly Fette, formerly Kaly Hedman, are the never-married parents of A.G.H-S., born in 2008. In May 2010, the parties stipulated and agreed to entry of a paternity decree establishing custody, physical care, visitation, and child support. The court awarded the parties joint legal custody and granted physical care to Kaly, with liberal visitation to Chad. The court ordered Chad to pay $625 per month in child support. The court also ordered both parents to pay one-half of the child's school and agreed-upon extracurricular activities fees and expenses. A stipulated modification order was entered in June 2011, modifying Chad's visitation schedule to accommodate his erratic work schedule. Custody, child support, and the fee-and-expense provision remained as previously ordered.

In 2017, Chad petitioned for modification of physical care to a shared-care arrangement, citing a change in his work schedule. Kaly contested the modification of physical care, but agreed to a modification of Chad's visitation schedule. Following a trial, the district court denied Chad's request for a modification of physical care, finding that though Chad's work schedule changed, it did "not rise to the level of a material and substantial change in circumstance that would warrant . . . a change in physical care." The court did modify Chad's visitation. The court also found no change in circumstances warranted a modification of the previously-ordered child support. The court ordered Chad to pay $1500 of Kaly's attorney fees. Chad filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2) concerning a number of issues, including the court's failure to address the fee-and-expense provision and

the court's award of attorney fees to Kaly. The court largely denied Chad's motion.[1] Chad appeals.

Chad challenges the court's finding that his change in work schedule did not constitute a substantial change in circumstances justifying a modification of physical care. Chad also challenges the denial of his request to modify child support and the apportionment of the child's school and extracurricular fees and expenses. Chad further challenges the court's award of attorney fees.

Our review is de novo. *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa 2002). As the party requesting modification, Chad has the heavy burden to first establish, by a preponderance of the evidence, that circumstances have so substantially changed to warrant a modification of physical care. *See In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). "[T]he child's best interest is the overriding consideration." *In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007). A court may modify a child-support obligation "when there is a substantial change in circumstances." Iowa Code § 598.21C(1) (2017). The district court "has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity." *In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006) (quoting *In re Marriage of Walters*, 575 N.W.2d 739, 741 (Iowa 1998)). The district court has considerable discretion in deciding whether to award attorney fees. *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). We review for abuse of that discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006).

---

[1] The court did grant Chad's motion, in part, on issues not relevant to this appeal.

The district court's ruling fully considered and addressed the physical-care, child-support, and expense issues Chad raises. The district court applied the governing legal and equitable principles and we approve of the reasons and conclusions it reached. Further, we cannot say the district court abused its discretion in awarding attorney fees. The issues involve only the application of well-settled rules of law and a full opinion of this court would not augment or clarify existing case law. We affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**