# IN THE COURT OF APPEALS OF IOWA

No. 19-0623
Filed December 18, 2019

IN RE THE MARRIAGE OF MARIA MINJARES
AND ROGELIO MINJARES SIMENTAL

Upon the Petition of
MARIA MINJARES, n/k/a MARIA SOCORRO,
    Petitioner-Appellee,

And Concerning
ROGELIO MINJARES SIMENTAL,
    Respondent-Appellant.
_____

    Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.


    Rogelio Minjares Simental appeals the denial of his petition to modify the

child custody provisions of the decree dissolving his marriage to Maria Socorro

Minjares.  **AFFIRMED.**


    Melissa A. Nine of Nine Law Office, Marshalltown, for appellant.

    Reyne L. See of Peglow, O'Hare & See, P.L.C., Marshalltown, for appellee.


    Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Rogelio (Roy) Minjares Simental appeals the denial of his petition to modify the child custody provisions of the decree dissolving his marriage to Maria Socorro Minjares. The dissolution decree approved the parties' agreement for a joint-physical-care arrangement, with physical care of their three children alternating weekly. Just nine months later, Roy petitioned the court to modify the decree and place all three children in his physical care. Maria resisted and asked the court instead to place the oldest child, M.E.M., in her physical care and continue joint physical care of the two other children. The district court denied the competing modification requests after determining that neither party had shown a substantial change in circumstances had occurred since entry of the decree.

Our review of this modification action is de novo. *See In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007). We give weight to the district court's fact findings but make our own findings of fact. *See id.* Because the trial court hears the evidence and views the witnesses firsthand, we give particular weight to its credibility findings. *See id.*

The modification hearing focused on M.E.M., who has a history of behavioral problems and struggles at school. Roy admits that his relationship with M.E.M. has been "rough" since the divorce, with M.E.M. often refusing to go to Roy's house for visitation. Tensions between Roy and M.E.M. "came to a boil" when the two got into a physical altercation in December 2017. Roy blames Maria for the issues with M.E.M., claiming she tells M.E.M. about her issues with Roy, which puts him in the middle and forces him to "choose sides" between his parents.

Roy also claims that Maria does not support his relationship with the children and undercuts his parental authority rather than show a "united front."

The district court determined that neither party met the "heavy burden" required to modify physical care. *See In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016) (recognizing that "once custody of a child has been fixed, 'it should be disturbed only for the most cogent reasons'" (citation omitted)). To modify, the party seeking modification must show a substantial change in circumstances occurred after the court entered the decree. *See id.* To qualify, the change in circumstances must not have been within the contemplation of the court at the time of the decree's entry and must be permanent rather than temporary. *See id.* If a substantial change in circumstances has occurred, the party must then prove a superior ability to minister to the needs of the children. *See id.*

In denying modification, the district court first found neither party showed a substantial change in circumstances occurred after the decree's entry. It noted that M.E.M.'s issues are "longstanding" and predate the parties' divorce. It also observed that many of M.E.M.'s problems "appear . . . to be episodic" and can be attributed to several sources, not just the actions of the parties. On this basis, the court determined, "The parties' communication problems, differing parenting styles, and M.E.M's school problems and refusal to visit his father do not rise to the level of constituting a substantial and material change in circumstance to warrant either parties request for modification."

The evidence shows that neither party showed a substantial change in circumstances. Although the parties did not communicate perfectly, they were making an effort. *See In re Marriage of Ertmann*, 376 N.W.2d 918, 920 (Iowa Ct.

App. 1985) (finding communication difficulties did not warrant denial of joint custody where both parties expressed a willingness to communicate for the child's sake). And despite complaints about each other, each party agreed the other was a good parent. And, most importantly, both parties testified that the joint physical care arrangement was working well for them and the two younger children. *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002) (noting that courts have held parental discord is a substantial change in circumstances warranting modifying joint physical care to place the children with one parent when it "has a disruptive effect on children's lives"). Because there has not been a substantial change in circumstances that was not within the contemplation of the court when it entered the dissolution decree, we affirm the denial of the petition to modify.[1]

Maria asks for an award of her appellate attorney fees. Iowa Code section 598.36 (2018) allows the court to award reasonable attorney fees to the prevailing party. As the prevailing party in the appeal of this modification action, we may award Maria appellate attorney fees at our discretion. *In re Marriage of Maher*, 596 N.W.2d 561, 568 (Iowa 1999). In deciding whether to award appellate attorney fees, we consider the needs of the party requesting the award and the ability of the other party to pay. *See id.* We also consider whether the requesting party had to defend the trial court's ruling on appeal. *See id.*

---

[1] The district court also found that the children would not receive superior care by having one parent as physical caretaker, "just different care," and that modification would not be in the children's best interests. Because we affirm based on Roy's failure to show a substantial change in circumstances warrants modification, we need not address whether one parent could render superior care or whether modification is in the children's best interests.

The record shows that in 2018, Maria's gross income was $35,394.60. Roy's gross income for the same year was $73,981.90, more than twice that amount. We note that Maria had to defend the trial court's ruling on appeal. These factors all weigh in favor of awarding Maria appellate attorney fees. Maria's attorney submitted an affidavit stating she has charged $5052.50 in attorney fees for this appeal. Because we find this amount to be reasonable, we award Maria $5052.50 of her appellate attorney fees.

**AFFIRMED.**