# IN THE COURT OF APPEALS OF IOWA

No. 21-1254
Filed August 3, 2022

**MICHAEL LEE RILEY,**
    Plaintiff-Appellant,

**vs.**

**JENNIFER MARIE BENAGE,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Jennifer A. Miller,

Judge.

Michael Lee Riley appeals the denial of his application to modify the child

custody decree. **AFFIRMED.**

Ernest Kersten, Fort Dodge, for appellant.

Paul Berchenbriter of Iowa Legal Aid, Cedar Rapids, for appellee.

Considered by Bower, C.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**SCOTT, Senior Judge.**

Michael Lee Riley and Jennifer Marie Benage have one child together. Their stipulated custody and support decree was approved by the court and filed in July 2020. The decree granted the parties joint legal custody and placed the child in Jennifer's physical care, provided a parenting schedule, and set child support.

On October 21, 2021, Michael sought to modify the custody decree, place the child in his physical care, order supervised visits, and suspend his child support. He alleged that on September 2, Jennifer had been intoxicated and assaulted him and the child.

After a hearing, the district court found:

> In September of 2020, Jennifer came home from work to find that Michael had entered her home and was sleeping in her bed. At some point in the evening, she woke Michael up and asked him to leave her house and he indicated to her that he would be taking [the child] with him. Jennifer, who had been drinking and was intoxicated, became angry and hit Michael and attempted to pull [the child] from him and in the process scratched [the child] multiple times. Michael left with [the child] and Jennifer called the police. Due to the injuries sustained by both Michael and [the child], Jennifer was charged with domestic assault and child endangerment. These charges were eventually amended down and Jennifer pled guilty to disorderly conduct and public intoxication. Michael testified that he requested that the charges be amended down to simple misdemeanors so that Jennifer could keep her job . . . .

The court noted the incident resulted in a child-abuse assessment and the child's temporary removal from Jennifer. Jennifer complied with all required services, successfully completed alcohol treatment, and progressed from supervised visits to the child being returned to her care; there is no further involvement with the department of human services.

The court expressed concern about the incident, but found Jennifer did not intend to harm the child and had immediately taken steps to address her substance-abuse issue. It concluded the incident was isolated and not likely to reoccur. Because Michael had failed to prove a substantial change of circumstances, his application to modify the child custody decree was denied.

Michael appeals, challenging the court's finding that no substantial change in circumstances had been proved. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (stating modification of custody requires the applicant to establish a substantial change of circumstances, more or less permanent, related to the welfare of the child); *see also Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002) (stating an applicant in a modification action must show the ability to offer superior care). On our de novo review, *see* Iowa R. App. P. 6.907, we agree with the district court's findings and conclusions. Further opinion would be of little value. We affirm. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**