**IN THE COURT OF APPEALS OF IOWA**

No. 23-0597
Filed September 27, 2023

**IN RE THE MARRIAGE OF ALICIA ELAINE WEDEMEYER
AND TIMOTHY JOHN WEDEMEYER**

**Upon the Petition of
ALICIA ELAINE WEDEMEYER,**
        Petitioner-Appellee,

**And Concerning
TIMOTHY JOHN WEDEMEYER,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Guthrie County, Thomas P. Murphy,

Judge.


        Timothy Wedemeyer appeals the physical custody and child support

modification of the decree dissolving the parties' marriage. **AFFIRMED.**


        Katie M. Naset of Hope Law Firm & Associates, P.C., West Des Moines, for

appellant.

        Krisanne C. Weimer of Weimer Law, P.C., Council Bluffs, for appellee.


        Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Timothy Wedemeyer appeals the order modifying his divorce decree, which grants physical care and a modified child support award to Alicia Wedemeyer. Upon review, we affirm the district court's ruling.

## I.  *Background Facts and Proceedings.*

Timothy and Alicia divorced in early 2019.  The dissolution decree adopted the parties' stipulated agreement, which granted joint legal custody and joint physical care of their two children.  The court also ordered Timothy to pay child support to Alicia based on the guidelines and her carrying the children on her medical insurance.

Since the divorce, Timothy and Alicia's relationship grew increasingly contentious and could generously be described as tumultuous.  While the two had been able to compromise on some educational and medical decisions, this cooperation was short-lived.  Instead, the parents fought regularly, often through text messages, about nearly everything—the children, their respective parenting styles, their romantic relationships, and child support, as examples.  And the parents and children themselves were not the only ones affected.  The conflict extended further to the children's grandparents and stepparents, who were also frequent parties to altercations.

In March 2022, Alicia petitioned for modification, requesting physical care and an adjustment in child support to reflect that change.  Litigation sparked even more animosity.  Prior to trial, Timothy and Alicia began using their middle-school-aged son against each other.  This included showing him legal documents, sharing aggressive text messages, and speaking to him openly about the case.  Ultimately,

the court granted Alicia physical care and increased the amount of Timothy's child support payments as calculated by the guidelines. Timothy now appeals that decision, arguing Alicia did not establish the necessary burden to justify the modification.

## II. Scope and Standard of Review.

We review modifications of dissolution decrees de novo. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). While we give deferential weight to the district court's fact findings and determinations of witness credibility, we are not bound by them. *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014).

## III. Modification of Physical Care.

Timothy contends that Alicia was unable to demonstrate the required elements for modifying the custody provisions of the decree. The parent seeking modification of the physical care arrangement bears the burden of proving (1) the circumstances have materially and substantially changed since the decree's entry and (2) the "ability to minister more effectively to the child's wellbeing." *Hoffman*, 867 N.W.2d at 32 (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)). We consider this a heavy burden because physical care "should be disturbed only for the most cogent reasons." *Id.* (quoting *Frederici*, 338 N.W.2d at 158). As the parent seeking to modify the order, Alicia must prove both elements to justify a change of physical care.

First, Timothy argues Alicia did not sufficiently show a substantial change in circumstances which would warrant a modification. Alicia, meanwhile, cites their breakdown in communications and inability to effectively co-parent as the motivation behind the change in custody. The changed circumstances must not

be a temporary hiatus but relatively permanent. *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). The circumstances also must not have been contemplated at the time the decree was entered. *Id.*

The parties' relationship has clearly been fraught with bitterness. The district court described their interactions best: "Tim's and Alicia's hostility to each other is palpable. The tension in the courtroom radiated like electricity." The entire record is filled with evidence of their strain. According to the court's findings, the catalyst for this deterioration was the start of Timothy's relationship with his current wife. At times, Alicia initiated "spats" with both Timothy and his wife. Timothy and Alicia fought constantly, but their disagreements covered more than just their partners. Timothy, in particular, pointed to his recurrent requests to Alicia to respect his boundaries and stop texting him. His preference was to limit their communication only to those matters involving their children. But Timothy recurrently refused contact with Alicia even when she reached out with concerns regarding the children. He also showed clear, obvious disdain for Alicia, using foul and horrific language that we decline to repeat. The district court similarly disapproved of Alicia's behavior, stating it was "certain that she goaded [Timothy], but she is smart enough not to often engage in arguments via text message." The two have been plainly unable to communicate effectively.

Based on these facts, it is clear the relationship deteriorated substantially, and well past the point of occasional argument or disagreement. While Timothy alleges the relationship was always hostile (while simultaneously arguing it had moderately improved before trial), evidence showed a distinct, growing animosity. While the two were able to at least make basic decisions concerning the children

in the past, the ensuing aggression developed over time. Further, it is apparent their communication is now an irreparable issue. Most importantly, the impact of these developments on their oldest child is noticeable. The record shows the parties' decision to involve him in their litigation was detrimental to both children's well-being. *See id.* at 441 (noting children's inevitable awareness of parents' disharmony). The district court admonished the parents that "[the children] need their parents to keep them in the dark about adult issues. Both Tim and Alicia dragged [their older child] into their conflict. That behavior will stop, or the court will address it again."

We have modified custody in circumstances where parents are unable to co-parent. *See id.* (granting physical care to one legal custodian "when the parents simply cannot cooperate or communicate in dealing with their children") (citation omitted). When a "disruptive effect" on the children results as a consequence of a breakdown in communication, this is a substantial change in circumstances. *Id.* (quoting *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002)). Based on their dreadful relationship and the negative effect it has had on their children, it is abundantly clear in this case that there is sufficient evidence of a substantial change. It is also unlikely based on their long history that this aggression will be temporary. *See id.* at 440. Therefore, we find Alicia met her burden by establishing a material and substantial change in circumstances occurred.

Timothy further contends that Alicia failed to establish she was the superior parent. To prevail, Alicia "must prove an ability to minister more effectively to the children's well being." *Frederici*, 338 N.W.2d at 158. This is "an essential predicate to an award of physical care" and that "significance . . . should not be minimized."

*Id.* at 160–61. While joint physical care has historically been favored in Iowa, we now focus our review on the facts of each individual case. *In re Marriage of Hansen*, 733 N.W.2d 683, 691, 695 (Iowa 2007). As always, we base this review on the best interests of the children. *Id.* at 696. Relevant factors include whether the parents can meet the children's needs, the parties' communication, and the current caregiving relationship. *Id.* (citing Iowa Code § 598.41(3) (2022)). The Iowa Code also requires the parent awarded primary physical care to "support the other parent's relationship with the [children]." Iowa Code § 598.41(5)(b).

The district court found Alicia was better able to foster a positive relationship between the children and Timothy. At the best of times, Timothy has communicated with Alicia through hostile, vulgar responses; at his worst, he refuses to communicate at all. At times when Timothy and his wife have struggled in their relationship, his communications with Alicia would become slightly more amicable. But upon their reconciliation, the tension between Alicia and him would typically increase again. A significant factor in determining physical care is whether parents are able to "show mutual respect." *Hansen*, 733 N.W.2d at 698. Similarly, the sheer "degree of conflict" prevents parents from being able to have consistent, meaningful interactions. *Id.* While in this case both parties are guilty of placing contempt for each other over their children's needs, as evidenced by their dealings with their son, Alicia has proven to be more capable of appropriate communication. Timothy almost certainly will not support a relationship between Alicia and the children based on his previous actions and hostile communications. Meanwhile, the record is full of Alicia reaching out to Timothy to resolve issues regarding their children. Despite a consistent barrage of insults and profanities,

Alicia has consistently continued to involve Timothy in decision-making. She has also attempted to foster a relationship between Timothy's mother and the children. Based on these facts, Alicia has shown more capability to foster that level of communication.

Further, the district court also concluded that "Alicia is more attuned to the children's educational, health, and disciplinary needs." Alicia has been the parent primarily responsible for healthcare and educational decisions. We give particular weight to the district court's credibility findings. *See Sisson*, 843 N.W.2d at 870. While the district court found both parties to lack credibility on some levels, it found Alicia the more superior parent for physical care. The court noted her as the children's primary caretaker and acknowledged her substantial role in important decision-making for their needs. Giving proper weight to that finding, we find Alicia ultimately did meet her burden in establishing she is the superior parent. Therefore, we affirm the district court's modification of the divorce decree.

### IV. Modification of Child Support Award.

Next, Timothy argues modification of the child support increase is warranted if we were to reverse the district court's modification of physical care. Because we affirm the modification, the calculation of child support remains unchanged and we affirm the increase in child support.

### V. Alternative Extraordinary Parenting Time.

Timothy has alternatively requested, should we leave the district court's modification of physical care in place, that he be allowed to exercise a modified parenting schedule. We note, however, that the parenting schedule he recommends is similar to that of joint physical care with frequent exchanges

between the parties. Because his proposed schedule would require substantial communication between the parties, we find that it does not serve the best interests of the children for the same reasons stated previously. We therefore decline to adopt Timothy's proposed parenting schedule.

## VI. *Appellate Attorney Fees.*

Finally, both parties request appellate attorney fees. The decision to award attorney fees is purely discretionary. *In re Marriage of Rosenfeld*, 668 N.W.2d 840, 849 (Iowa 2003) (citing Iowa Code § 598.36). We find the parties should be responsible for their own fees.

## VII. *Conclusion.*

Because we hold that joint physical care is not in the best interests of the children, we affirm the modification of the dissolution decree.

**AFFIRMED.**