# IN THE COURT OF APPEALS OF IOWA

No. 24-1636
Filed June 18, 2025

**MARKUS NEUMANN,**
    Petitioner-Appellant,

**vs.**

**KELSEY WELTZ,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Carroll County, Adria Kester, Judge.


Markus Neumann appeals the denial of his request to modify physical care.

**AFFIRMED AND REMANDED.**


Maura Sailer of Sailer Legal, PLLC, Denison, for appellant.

Jessica L. Morton of Bruner, Bruner, Reinhart & Morton, LLP, Carroll, for

appellee.


Considered without oral argument by Tabor, C.J., and Schumacher and

Chicchelly, JJ.

**CHICCHELLY, Judge.**

Markus Neumann appeals the denial of his request to modify physical care. Markus challenges the court's evidentiary ruling and requests physical care of the parties' minor child and a child-support variance. Kelsey Weltz requests appellate attorney fees. Upon our de novo review, we affirm the court's denial to modify physical care and remand with directions.

## I.      *Background Facts and Proceedings.*

Markus and Kelsey are the parents of K.A.N., born in 2016. When K.A.N. was approximately six months old, Markus petitioned to establish paternity, custody, and physical care. Markus and Kelsey stipulated to joint legal custody and shared physical care, which the district court adopted in May 2017.

For several years, the parties seemingly co-parented well. While they did not always agree initially, Markus and Kelsey made important parenting decisions together, including K.A.N.'s schooling and extracurricular activities. Kelsey's employment was sporadic and intermittent at times, but neither the child and family reporter (CFR) nor the court found that Kelsey's employment "impacted her ability" to parent. During these periods, Kelsey liberally allowed K.A.N. to spend additional time with Markus rather than relying on outside childcare, especially when she sustained a foot injury that prevented her from working and driving. The district court found this arrangement to be temporary and worked well for the parties. But the court also determined that "Markus's behavior changed, particularly after he met" his wife three years ago. During the pendency of the modification proceedings, the parties' communication faltered, and they resumed the stipulated 50/50 schedule.

On October 10, 2023, Markus petitioned for modification, requesting physical care and an adjustment in child support to reflect that change. Markus also asked the court to appoint a CFR at his own expense, which the court granted. The CFR investigated and interviewed the parties, and while she reported her findings to the court, she did not provide a formal custody recommendation.

Approximately one month before trial, the court filed its pretrial order, in which it directed the parties to "exchange exhibits and a witness list" "[n]o later than TEN days before trial." During trial, Markus offered several exhibits, including his proposed child support worksheet. Kelsey's counsel objected, arguing that the exhibits were not timely and were never shared during discovery. The court reserved ruling until its written order, and proceedings continued.

At trial, Markus made several serious allegations against Kelsey, such as drinking and driving, permitting then-five-year-old K.A.N. to consume alcohol, hosting parties in K.A.N.'s presence, and asking a family member to adopt K.A.N. without Markus's consent. But Markus provided limited if any evidence that any of these events occurred, and the CFR did not find any evidence either. The district court similarly did not find adequate proof of these allegations and declined to grant Markus's request for physical care. It also ordered Markus to pay $515.76 monthly in child support and $2500 in trial attorney fees to Kelsey and declined to admit the untimely exhibits. Markus moved posttrial, challenging the court's order. While the court declined to enlarge its findings on the physical-care issue or reverse the

trial attorney fees, it did reduce the monthly child-support obligation to $445.28.[1] Markus appeals.

## II.    Review.

We review child custody modification proceedings de novo. *See Christy v. Lenz*, 878 N.W.2d 461, 464 (Iowa Ct. App. 2016). While not binding on us, we "give weight to the fact findings of the trial court, especially when considering the credibility of witnesses." *Id.* (citation omitted).

## III.    Discussion.

Markus challenges the court's evidentiary ruling, its denial to modify physical care, and the resulting child-support obligation. Kelsey in response requests appellate attorney fees.

### A. Evidentiary Ruling.

Markus first challenges the court's exclusion of certain untimely evidence, including Markus's proposed child support worksheet. "We review the district court's evidentiary rulings for an abuse of discretion." *Day v. Anderson*, No. 17-1808, 2018 WL 3302363, at *2 (Iowa Ct. App. July 5, 2018). "An abuse of discretion exists when the court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (cleaned up). But Markus only argues that Kelsey did not show prejudice by the admission of the exhibits, which is not the correct standard. *See id.* (requiring *the party offering the exhibit* to "show he was prejudiced by the failure to admit the exhibits at trial"). And in fact, admitting evidence that Kelsey had not timely received would be highly

---

[1] The court reduced the child support obligation because there was a miscalculation in Kelsey's income.

prejudicial as Kelsey could not prepare.[2]  We cannot find that the court abused its discretion by excluding evidence that Markus failed to timely provide in accordance with the order on pretrial matters.

### B. Modification of Physical Care.

Markus contends that the court should have modified the physical-care arrangement and placed K.A.N. in his physical care.  To justify modification of the stipulated agreement, Markus must establish (1) a substantial change in circumstances since the decree and (2) the ability to "render superior care."  *See Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa 2002).  The court found that he could not establish either element, and we agree.  While Markus attempted to paint Kelsey as an unfit, alcohol-dependent parent who abandoned her child, the CFR described her as a "very loving, caring, and engaged mother."  Despite Markus's claims that she does not have stable housing or employment, for the last four years, she has lived with a roommate in what was described as "a very nice ranch home."  And while she has had consistency issues with employment, the court found that this has never "impacted her ability to care for K.A.N."  In fact, the CFR found no evidence at all of any alcohol or parenting issues with either Markus or Kelsey.  Other than minor communication issues, the court similarly found limited evidence to support the allegations; in fact, the court attributed the parties' communication issues to Markus, stating "Kelsey has demonstrated consistent support for Markus and his relationship with [K.A.N.]" while "Markus has not

---

[2] Markus claims that Kelsey received these exhibits "months prior" to trial.  But the parties' attorneys disagreed about whether the exhibits were ever provided and at what time.  The court believed Kelsey's counsel, and we do not disturb such findings.  *See Christy*, 878 N.W.2d at 464.

reciprocated this level of communication and collaboration." On appeal, Markus reasserts the allegations against Kelsey's parenting, but his challenges are largely against the court's implied credibility findings. We defer to such findings "because the trial court has a firsthand opportunity to hear the evidence and review witnesses." *Christy*, 878 N.W.2d at 464. There is no evidence that establishes Kelsey as an unfit parent as Markus claims. In fact, the record is replete with her love and care for K.A.N. We similarly find no circumstances warranting modification and do not find Markus to be a "superior" parent. Accordingly, we affirm.

*C. Child Support.*

Next, Markus argues that the child-support calculation is incorrect because it inflated his income and failed to impute additional income to Kelsey.[3] *See* Iowa Code § 598.21B(2)(c) (2023) ("There shall be a rebuttable presumption that the amount of child support which would result from the application of the guidelines prescribed by the supreme court is the correct amount of child support to be awarded."), (d) (requiring a "record or written finding . . . that the guidelines would be unjust" to impose a different child support figure). The district court utilized the information admitted into evidence in calculating the child support and used the parties' current incomes. For the reasons below, we decline to disturb these calculations on appeal.

---

[3] Markus also admonishes Kelsey for failing to financially provide for K.A.N., stating that he paid for items such as school supplies, extracurricular activities, and health insurance. But because Markus did not timely file his child support worksheet, there is no evidence of his income or expenses other than what Kelsey provided to the court. Having already found the court did not abuse its discretion in excluding these untimely exhibits, we therefore do not consider this argument.

First, we do not find that the court incorrectly included overtime as part of Markus's income. When calculating his income as a maintenance supervisor at $77,958.40 annually,[4] the court considered all of the available exhibits, which were ten two-week pay periods from March 2024 to July 2024. Generally, Iowa courts use overtime pay to calculate gross income for child support purposes. *See In re Marriage of Kupferschmidt*, 705 N.W.2d 327, 333 (Iowa Ct. App. 2005). Overtime will only be excluded when the "overtime pay appears to be an anomaly or is uncertain or speculative." *Id.* But other than stating deviation from the guidelines is required to correct an injustice, Markus provides no support for this broad conclusion. Based on the record before us, Markus consistently works approximately twenty hours of overtime per pay period. In fact, he has worked up to *fifty* hours of overtime in a single pay period. And while Markus testified this is temporary due to his workplace not being fully staffed, the district court pointed out that Markus did not provide proof of his earnings, and from Markus's wage stubs which were provided by Kelsey, the court determined overtime should be included in his income calculation due to its general consistency over the pay periods. Upon our own review of the record, we agree with the court's calculations.

As for Kelsey's income, Iowa courts do not generally impute income for child support purposes unless failure to do so would lead to substantial injustice. *See* Iowa Ct. Rs. 9.5(1)(d), 9.11(4)(d). While Kelsey is able to work full-time as a nursing assistant, she testified that she works approximately twenty hours per week because patient numbers are low. Despite Markus's argument that Kelsey

---

[4] The annual figure was calculated by taking Markus's average biweekly earnings ($2,998.40) multiplied by twenty-six pay periods.

voluntarily reduced her own income, the court apparently found her testimony credible, as it calculated her annual income at $24,830.40 based on her $16 hourly wage and twenty hours per week.[5]  We similarly agree with the court's calculations and find Markus has not met his burden to establish a variance in the guidelines is necessary.  Accordingly, we affirm.

### D. Appellate Attorney Fees.

Finally, Kelsey requests appellate attorney fees.  "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion.  In determining whether to award appellate attorney fees, we consider the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal."  *Christy*, 878 N.W.2d at 469 (citation omitted); *see also* Iowa Code § 600B.26 (allowing the court to award the prevailing party in a modification action "reasonable attorney fees").  Markus's income is triple Kelsey's, and Kelsey has been forced to defend this appeal.  As the prevailing party, we find Kelsey should be awarded appellate attorney fees.  But because she has not provided a financial affidavit detailing such fees, we remand to the district court to determine the appropriate amount.

### IV.    Disposition.

Because Markus cannot establish that modification is warranted, we affirm the denial of his petition but remand with instructions.

**AFFIRMED AND REMANDED.**

---

[5] The court actually mistakenly calculated Kelsey's income at $20,248.68, but this was later corrected and Markus's portion of the child support amount reduced. Kelsey's annual income is also necessarily reduced because she did not work for several weeks after an injury.